## KEROTEST MFG. CO. v. C–O–TWO FIRE EQUIPMENT CO.

### No. 10200.

United States Court of Appeals
Third Circuit.

Argued May 25, 1950.

Decided June 16, 1950.

774

Walter J. Blenko, Pittsburgh, Pa. (John F. 'C. Glenn, Pittsburgh, Pa., Aaron Finger, Wilmington, Del., Richards, Layton & Finger, Wilmington, Del., Smith, Buchanan & Ingersoll, Pittsburgh, Pa., Blenko, Hoopes, Leonard & Glenn, Pittsburgh, Pa., on the brief), for appellant.

R. Morton Adams, New York City (Pennie, Edmonds, Morton & Barrows, New York City, Arthur. G. Connolly, Wilmington, Del., on the brief), for defendant-appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal from an order of the District Court for the District of Delaware denying a preliminary injunction sought to restrain the prosecution of a suit pending in the District Court for the Northern District of Illinois.

The controversy concerns the validity and alleged infringement of two patents. It is the contention of C-O-Two Fire Equipment Company, a Delaware corporation, that in the manufacture and sale of certain fire extinguishing equipment Kerotest Manufacturing Company, a Pennsylvania corporation, has infringed its patents. Kerotest filed the present suit in Delaware seeking a declaratory judgment decreeing the invalidity of the patents in question and thereafter moved for a preliminary injunction to restrain C-O-Two from going forward with certain litigation in Illinois concerning the same patents. C-O-Two countered with a motion for a stay of the Delaware proceedings until after final determination of the Illinois suit. The district court disposed of both motions by an order (1) denying the motion for preliminary injunction, (2) staying the Delaware proceedings for 90 days and (3) expressly according to each party the privilege of renewing its motion without prejudice upon the expiration of the 90-day period.

The order is based upon findings of fact which are consistent with affidavits properly before the court. The district court found that the Illinois suit, charging patent infringement, was filed January 11, 1950, by C-O-Two against Acme Equipment Co., an Illinois corporation; that it involved the patents later brought into controversy in this Delaware suit; that some of the structures accused as infringement in the Illinois suit were manufactured by Kerotest and sold to Acme; that Kerotest commenced the present suit on March 9, 1950; that on March 22, 1950 C-O-Two filed an amendment to its Illinois complaint for the purpose of adding as a party defendant Kerotest, which is licensed to do business and has a resident agent in Illinois; that no answer had been filed in either suit; that there was pending in the Illinois suit a motion by Acme to stay the Illinois proceedings until after the disposition of the Delaware suit.[1]

1. In argument before this court it was pointed out that the motion for a stay has now been denied in Illinois; that

the procedure by which Kerotest was brought into that suit has been challenged

We think the district court did not abuse its discretion. Three parties are involved in the Illinois suit and the status of one of them, Kerotest, in that suit is not entirely clear. Two of these parties are litigating in Delaware. It seems to us that in limiting the Delaware stay to 90 days and in making explicit the privilege of Kerotest at the expiration of that period to renew its motion to restrain C-O-Two from proceeding against it in Illinois, the district court did no more than to withhold its hand pending disposition of motions in Illinois, receipt of more information concerning the controverted status of Kerotest in the Illinois suit, better advice on the probable time of trial in Illinois and perhaps other intelligence.[2] Although injunctions of the type here sought operate against parties rather than courts, their effect upon the business of competent sister tribunals is such that courts are properly cautious in their issuance and reluctant to act until entirely sure of the premises and of the equities and proprieties involved. It may well be that the additional information available at the end of the waiting period will be helpful to the learned District Judge in determining, if required to do so, which suit should proceed to trial under the guiding principles recently expounded by this court in Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 1942, 130 F.2d 474, Triangle Conduit & Cable Co., Inc., v. National Electric Products Corporation, 3 Cir., 1942, 125 F.2d 1008 and Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925.

The 90-day period began to run April 28, 1950. It will soon expire. If Kerotest then believes that it is entitled to have C-O-Two restrained from proceeding against it in Illinois, it can renew its motion without prejudice.

The judgment will be affirmed.

and that there is some uncertainty about the probable time of trial in Illinois. These developments occurred after the hearing below.

2. We have not overlooked the conclusion of law below that "Under the controlling authority of Triangle Conduit & Cable Co. v. National Electric Products Corp., 125 F.2d 1008 (3rd Cir. 1942), this court could not enjoin C-O-Two from seeking a final adjudication against Acme in the Chicago suit." However, on this appeal there is no claim that proceedings against Acme should or could have been enjoined but rather that proceedings against Kerotest should have been restrained.