**CONTINENTAL DISTILLING COR-
PORATION, Plaintiff,**

v.

**George M. HUMPHREY et al.,
Defendants.**

**Civ. A. No. 4437–52.**

United States District Court,
District of Columbia.

Feb. 24, 1955.

238

F. Joseph Donohue, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, Asst. U. S. Atty., Frank H. Strickler, Asst. U. S. Atty., Washington, D. C., Wallace A. Russell, Washington, D. C., Attorney, Alcohol and Tobacco Tax Legal Div., Internal Revenue Service, of counsel, for defendants.

KEECH, District Judge.

This is an action for declaratory judgment and injunctive relief, to declare in-

valid and restrain enforcement of a ruling by the Alcohol and Tobacco Tax Division of the Bureau of Internal Revenue, pursuant to authority of the Federal Alcohol Administration Act, 49 Stat. 977, as amended, 27 U.S.C.A. § 201 et seq. (1952), that certain whisky marketed by the plaintiff, Continental Distilling Corporation, should be labeled to show that it had been stored in reused cooperage, in conformity with Section 39(a) of Regulations No. 5, adopted March 2, 1938, 3 Fed.Reg. 486, 27 CFR § 5.39 (1949).[1]

On an appeal from dismissal of the complaint by the trial court, the Court of Appeals reversed and reinstated the complaint insofar as it states a claim respecting arbitrary discrimination in relation to the purposes of the statute. The court now has before it the defendants' motion to quash a subpoena duces tecum [2] and notice of taking of the depo-

1. The facts alleged are fully set forth in Continental Distilling Corporation v. Humphrey, D.C.Cir., 220 F.2d 367 (decided November 24, 1954, opinion by Fahy, J.).

2. The subpoena calls for:

"1. All chemical and/or organoleptic tests, in the possession of defendants or their subordinates, of whiskies stored in reused cooperage, including but not limited to plaintiff's whiskey ('Embassy Club') or like whiskies, Canadian whiskies, Scotch whiskies, Irish whiskies, and any documents or instructions which may have preceded such tests, or reports and memoranda prepared in connection with and following upon such tests.

"2. All consumer surveys in the possession of defendants or their subordinates, with regard to consumer understanding of the meaning of (1) an age statement on the label of plaintiff's whiskey ('Embassy Club') or like whiskies, corn whiskies, Canadian whiskies, Scotch whiskies, Irish whiskies; (2) the statement 'stored ——— years in reused cooperage' on the label of a whiskey; and any documents or instructions which may have preceded such surveys, or reports and memoranda prepared in connection with and following upon such surveys.

"3. All reports, surveys, memoranda, evidence and related materials in the possession of defendants or their subordinates which led to the order of Septem-

ber 29, 1952, directed at plaintiff's parent company, Publicker Industries, and ordering that plaintiff's whiskey be labeled as 'stored ——— years in reused cooperage' rather than 'this whiskey is ——— years old'; including but not limited to defendants' claim that the appearance of an unqualified age statement on 'Embassy Club' leads to consumer confusion and deception.

"4. All reports, surveys, memoranda, evidence, and other materials in the possession of defendants or their subordinates which relate to defendants' claim that the type designations 'Canadian whiskey', 'corn whiskey', 'Irish whiskey', 'Scotch whiskey' convey to consumers the fact that these whiskies are stored in reused cooperage.

"5. All reports, documents, analyses, memoranda and similar materials in the possession of defendants or their subordinates with regard to the effect of reused cooperage on the aging of whiskey, and the methods of manufacture and aging of corn whiskies, Canadian whiskies, Scotch whiskies and Irish whiskies.

"6. All documents, memoranda, reports, analyses and other materials in the possession of defendants or their subordinates relating to the promulgation in February, 1938 of the last unnumbered paragraph of Section 39(a) of Regulations No. 5, relating to the labeling of distilled spirits and defendants' interpre-

**240**

sition of the defendant Dwight E. Avis, Director of the Alcohol and Tobacco Tax Division of the Internal Revenue Service, on the grounds: (1) compliance would be burdensome and oppressive; (2) there has been no designation of the material sought by plaintiff; (3) the subpoena calls for immaterial and irrelevant matter; (4) the subpoena calls for privileged matters; and (5) the subpoena seeks to compel Mr. Avis to produce matters not within his official custody.

The regulation here in question was promulgated in 1938 after public hearing. The plaintiff was a party to that proceeding, and the record is available to all. Counsel for the plaintiff has conceded the validity of the regulation in question in its oral argument, original memorandum in opposition to motion to quash the subpoena and notice of deposition (p. 4), and supplemental memorandum (p. 3). As I read the Court of Appeals' decision, it merely holds that the complaint alleges with sufficient specificity to withstand a motion to dismiss that unequal treatment has been accorded Continental whiskies as compared with corn and Canadian whiskies, stored like Continental's in reused cooperage, and by virtue thereof the plaintiff, Continental is entitled to an opportunity to prove the alleged discriminatory treatment and that it is so arbitrary as to render unlawful the application of the regulation to Continental.

The opinion does not hold, as one at first reading might deduce and as plaintiff suggests at page 3 of its supplemental memorandum, that the defendant must now show that the discrimination between Continental's whiskies and the other whiskies is reasonable.

On the contrary, plaintiff must first prove the allegations of its complaint. If plaintiff is able thus to make a prima facie case, defendants then will be required to refute the evidence of discriminatory treatment, or to go forward and show that, notwithstanding the apparent discrimination, there is a factual basis for the different treatment accorded Continental and the other whiskies, and that the action of defendants bears a rational relationship to the statutory purpose to prevent consumer deception.

The questions posed by defendants' motion are:

1. Should the notice of taking of the deposition of the defendant Avis be quashed?

2. What discovery is plaintiff entitled to under the Federal Rules of Civil Procedure, in order to prevent surprise?

3. Is the method here employed proper?

(a) If so, has it been abused by the broadness of the subpoena?

(b) Does the subpoena embrace privileged documents or other matters immune from discovery?

(c) Will it require disclosure of confidential data of plaintiff's competitors?

Answering these questions in turn:

■ 1. Defendants challenge the right of plaintiff to take the deposition of the defendant Avis on the ground that from the subpoena it appears that plaintiff seeks to question him concerning matters which are immaterial to the issue in the case or to obtain facts contained in

---

tation of said last unnumbered paragraph, as applied in this case.

"7. All reports, memoranda and related materials in the possession of defendants or their subordinates, whether contained in letters or any other written form, discussing, recommending or authorizing age claims for whiskies stored in reused cooperage (other than corn, Scotch, Irish and Canadian).

"8. All communications, memoranda, reports and other documents in the possession of defendants or their subordinates with regard to the effect on the marketability of whiskey of the legend 'stored ——— years in reused cooperage'."

Counsel for the defendants interposed no objection to paragraphs 2 and 4 of this subpoena, but stated he had no documents to produce thereunder.

privileged documents, knowledge of which he has gained in his official capacity. There may well be questions to be put to the defendant Avis which would be proper and not subject to legal objection and, indeed, to which no objection would be offered by the defendants. It is elementary that the deposition-discovery rules are to be accorded liberal treatment,[3] and Rule 26 permits the taking of the deposition of a party. I shall therefore deny the motion to quash the notice of deposition.

If the defendant Avis submits to the taking of his deposition, questions which relate to privileged or confidential matters, or are otherwise legally objectionable may be objected to by counsel and the defendant instructed not to answer. This will adequately protect the defendants. It should be noted and understood, however, that if data is withheld as privileged, it will not be available to the defendants at the trial to justify their application of the regulation to Continental.

■ 2. I hold that plaintiff is entitled to discover, prior to trial, the facts which defendants propose to put in evidence in their defense. Plaintiff is not entitled to discovery of the mental operations by which defendants arrived at their opinions or made their judgments.

It would appear that plaintiff should be able to avoid surprise by making use of depositions, interrogatories, or requests for admissions, without need for resort to privileged communications or confidential documents.

■■ 3. It is the view of this court that the proper procedure for attempting to secure production of the documents requested would have been by a motion to produce under Rule 34, F.R.C.P., 28 U.S.C.A., showing good cause for their production. Under proper conditions, Rules 26 and 45 provide a convenient short cut, but they must be construed together with the other discovery rules. It has been held that the same showing of good cause must be made to sustain a subpoena duces tecum in connection with a pre-trial deposition, as is required to support a motion to produce under Rule 34.[4]

■ As to much of the matter requested, no showing of good cause has been or can be made. This is particularly true of the chemical and organoleptic tests, since plaintiff has laboratory facilities for making the tests and the articles tested are readily available.

■ The subpoena on its face shows that the request for production of documentary evidence by defendant Avis is so broad as to be unreasonable and oppressive, and it must therefore be quashed.

■ I further hold that many of the matters embraced are legally immune from subpoena or motion to produce, as privileged or confidential, such as departmental inter-office memoranda or the formulae of plaintiff's competitors, trade secrets required to be made available to the government but subject to protection as against others.

■ The court reiterates, however, that matters as to which the government asserts privilege from discovery will not be available to defendants at the trial. Although, as stated in United States v. Reynolds, 345 U.S. 1, 12, 73 S.Ct. 528, 97 L.Ed. 727, the rationale of waiver of government privilege invoked in criminal prosecutions [5] has no application in civil cases where the government is not the moving party, in any case equitable con-

---

3. Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451.

4. North v. Lehigh Valley Transit Co., D. C.Pa., 1950, 10 F.R.D. 38; 2 Barron & Holtzoff, Federal Practice and Procedure, Sec. 1002, p. 711; Moore's Federal Practice, Vol. 4, p. 2426.

5. United States v. Beekman, 2 Cir., 1946, 155 F.2d 580, 584; United States v. Andolschek, 2 Cir., 1944, 142 F.2d 503, 506; United States v. Krulewitch, 2 Cir., 1945, 145 F.2d 76, 79, 156 A.L.R. 337.

siderations would prevent the defendant from refusing to permit discovery of pertinent data on the ground of privilege, and then later waiving the privilege when it suits him to disclose the same information in support of his defense.[6]

Counsel will submit promptly an appropriate order, denying the motion to quash the notice of taking the deposition of the defendant Avis and granting the motion to quash the subpoena duces tecum.

6. United States v. Coplon, 2 Cir., 1950, 185 F.2d 629, 638, 28 A.L.R.2d 1041.