**870**

**AUDIO DEVICES, Inc., Plaintiff,**

v.

**MINNESOTA MINING & MANUFAC-
TURING COMPANY and Armour Re-
search Foundation of Illinois Institute
of Technology, Defendants.**

United States District Court
S. D. New York.
Nov. 2, 1955.

Pennie, Edmonds, Morton, Barrows &
Taylor, New York City, for plaintiff.

Burgess, Ryan & Hicks, New York
City, for defendant Minnesota Mining &
Manufacturing Co., Hanse H. Hamilton,
New York City, of counsel.

SUGARMAN, District Judge.

The defendant Minnesota Mining &
Manufacturing Company (Minnesota)
moves for an order staying plaintiff Au-
dio Devices, Inc. (Audio) from the fur-
ther prosecution of this action brought
by Audio on June 8, 1955 against Minne-
sota and Armour Research Foundation
of Illinois Institute of Technology (Ar-
mour) for a declaratory judgment that
Camras pat. No. 2,694,656 be declared in-
valid and unenforceable and for appro-
priate injunctive relief (wherein by
amended complaint, filed September 2,
1955, Audio avers that Armour is not
subject to the jurisdiction of this court),
pending the determination of an action
commenced on May 27, 1955 by Armour
against C. K. Williams & Co., Inc. (Wil-
liams) in the United States District
Court for the Eastern District of Illinois
for infringement of said patent.

Movant offers the rule that a customer
(Audio) of an alleged infringing manu-
facturer (Williams) may seek a stay of
an infringement action against it pend-
ing the determination of an action
against the manufacturer,[1] as a basis
that the converse should hold true and
that Audio's suit here be stayed until the
determination of Armour's Illinois suit
against Williams. The relief sought
might be dictated were Audio merely a
customer of Williams using only the
alleged infringing product of Williams.

Audio has alleged that if it infringes
at all, it *directly* infringes the patent in
suit not solely by reason of its purchase
of *some* magnetic oxides from Williams,
but by the manufacture and use of a
greater amount of *its own* magnetic
oxides. Hence, the issues in the Illinois
action by Armour against Williams are
not the same as in Audio's action in this
court against Minnesota.

---

1. Cf. Bechik Products, Inc. v. Flexible Products, Inc., 2 Cir., 225 F.2d 603.

Considering therefore the vital interest that Audio has in its suit in this district wherein the issues raised are broader than those in Armour's suit against Williams in the Eastern District of Illinois to which Audio is not a party,[2] I am utterly unconvinced that the interests of justice require that further proceedings here be stayed pending the determination of the litigation in the Illinois District Court.[3]

Accordingly, the motion is denied and it is so ordered.

---

2. Cf. Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012; International Nickel Co. v. Ford Motor Co., D.C.S.D.N.Y., 108 F.Supp. 833.

3. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153; Montro Corp. v. Prindle, D.C.S.D.N.Y., 105 F.Supp. 460.