**OSTOW & JACOBS, INC., Plaintiff,**

v.

**MORGAN–JONES, INC. and Aileen Mills Co., Inc., Defendants.**

United States District Court
S. D. New York.
Jan. 6, 1960.
On Motion for Reargument Feb. 9, 1960.

See also 178 F.Supp. 150, 180 F. Supp. 38.

Charles Sonnenreich, New York City, for plaintiff.

Burke & Burke, New York City, for defendants, George I. Harris, New York City, of counsel.

LEVET, District Judge.

This action is one for a declaratory judgment that a patent held by defendant Aileen Mills Co., Inc. is invalid, not infringed and unenforceable and for damages for alleged unfair competition.

Four motions have been made in this court in the above-entitled action:

1. The first motion is made by the defendant Aileen Mills Co., Inc. (hereinafter designated as "Aileen") to extend its time to answer the complaint in this action until 10 days following a decision of the United States District Court for the Northern District of Georgia, Rome Division, in a pending motion in an action entitled "Aileen Mills Co., Inc., and Morgan-Jones, Inc., Plaintiffs, against Ojay Mills, Incorporated and Ostow & Jacobs, Inc., Defendants." The motion referred to and so pending in the United States District Court for the Northern District of Georgia, Rome Division, is a motion by the present plaintiff, Ostow & Jacobs, Inc. (hereinafter designated as "Ostow") (a) to quash service of the summons on said Ostow and dismiss the complaint for lack of jurisdiction and improper venue, or, in the alternative, (b) to transfer the action to the United States District Court for the Southern District of New York. (I am referring to the action in Georgia as the "Georgia

action," that in this court as the "New York action," and to the federal court in the Georgia action as the "Georgia court" and to that in this action as the "New York court.")

2. The second motion is made by Ostow for an order to stay the defendants in the above action from all further proceedings brought by the said defendants against the present plaintiff in the Georgia court pending the final determination of the within action in the New York court.

3. The third motion is made by the defendants in the action in this court for an order pursuant to Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. (a) directing that the depositions of the said defendants should not be taken pursuant to notice served on the 18th day of November, 1959, or, in the alternative, (b) directing that such depositions be taken at a date subsequent to the taking of the deposition of the plaintiff by the said defendants, and (c) to quash the deposition subpoena to testify or produce documents or things, served on defendant Morgan-Jones, Inc. (hereinafter designated as "Morgan") on the 19th day of November, 1959 in conjunction with the aforementioned notice to take the deposition of the defendant Morgan.

4. In the fourth motion, the defendants in this court, to wit, Morgan and Aileen, seek an order enjoining the present plaintiff, Ostow, from taking any further proceedings in this action pending final judgment in an action now pending in the Georgia court, entitled "Aileen Mills Co., Inc., and Morgan-Jones, Inc., Plaintiffs, against Ojay Mills, Incorporated and Ostow & Jacobs, Inc., Defendants," or, in the alternative, until 10 days following service on the attorneys for the defendants in this action of the decision of the said Georgia court of a certain motion now therein pending. (The Georgia motion just referred to is the previously mentioned motion (a) to quash service of the summons on said Ostow and dismiss the complaint for lack of jurisdiction and improper venue,

or (b) to transfer the action in Georgia to the Southern District of New York.)

The parties and procedural backgrounds in both the Georgia and New York actions are as follows:

## PARTIES

1. Aileen Mills Co., Inc. (referred to as "Aileen") is one of the defendants here and is a plaintiff in the Georgia action. Aileen is a North Carolina corporation engaged in the manufacture of bedspreads and is the owner of United States Design Patent No. 181148 covering the design of a certain type of bedspread.

2. Morgan-Jones, Inc. (referred to as "Morgan") is also one of the defendants in the action in this court and is a plaintiff in the Georgia action. It is a New York corporation engaged in the business of procuring orders for the sale of various textiles, including bedspreads manufactured by Aileen pursuant to the said United States Design Patent No. 181148.

3. Ostow & Jacobs, Inc. (referred to as "Ostow"), the plaintiff in the action in this court and one of the defendants in the Georgia action, is a New York corporation engaged in the manufacture and sale of bedspreads.

4. Ojay Mills, Incorporated (referred to as "Ojay"), one of the defendants in the Georgia action, is a Georgia corporation engaged in the business of manufacturing bedspreads. The officers, directors and stockholders of Ojay are substantially the same as those of Ostow and it was held in the case of Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., D.C.S.D.N.Y. 1958, 168 F.Supp. 894 that Ostow & Jacobs "are part of a single business enterprise." At page 897.

The actions in the two United States District Courts are as follows:

## I. The Georgia Action

On or about April 15, 1959, Aileen and Morgan instituted an action in the United States District Court for the Northern District of Georgia, Rome Division, against Ojay for infringement of

the aforesaid United States Design Patent No. 181148 and for unfair competition. Subsequently, and on or about June 25, 1959, plaintiffs in the Georgia action —that is, Aileen and Morgan—moved to amend their action to include Ostow as a formal party defendant and such amendment was permitted by the Georgia court. Thus, at the present time both Ojay and Ostow are party defendants in the Georgia action, subject, of course, to the motion in the Georgia court, hereinbefore mentioned.

### II. The New York Action

On or about May 5, 1959, Ostow instituted the above action in the United States District Court for the Southern District of New York against Aileen and Morgan seeking a judgment to declare that the said United States Design Patent No. 181148 was invalid, not infringed and unenforceable. In the same action there is also a claim against the said defendants for unfair competition.

### MOTIONS HERETOFORE MADE

I. In the United States District Court for the Southern District of New York

(a) On or about May 25, 1959, Aileen moved to dismiss the action as to it in this court on the grounds that it was not subject to service of process within the Southern District of New York. After various adjournments the motion was argued on August 4, 1959 before Judge Bryan, and on November 6, 1959 Judge Bryan denied the motion of this defendant Aileen. Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., D.C.S.D.N.Y.1959, 178 F.Supp. 150. The answer by Aileen apparently became due on or about November 19, 1959, and for the reasons asserted in the motion papers in the first motion above mentioned this defendant seeks an order extending its time to answer. The order to show cause issued on November 19, 1959 extended the time of the said defendant to answer until the determination of this motion.

(b) On or about August 6, 1959, Morgan, one of the above-named defendants in this action, moved to dismiss the action as against it upon the ground of lack of jurisdiction. This motion was argued before Judge Dimock on September 1, 1959. On December 16, 1959, Judge Dimock denied this motion. D.C., 180 F.Supp. 38.

### II. In Georgia

On or about August 26, 1959, Ostow, the defendant which had been joined by order of the Georgia court in the action there, moved to quash the service of the summons and amended complaint on it and to dismiss the action as to it for lack of jurisdiction and improper venue, or, in the alternative, to transfer the existing action there from Georgia to New York. Such motions are said to be still pending and undecided by the Georgia court.

### THE ISSUES INVOLVED IN THESE ACTIONS

### I. The Georgia Action

In the Georgia action the plaintiffs Aileen and Morgan sued the defendants Ojay and Ostow for infringement and unfair competition. The infringement is based upon United States Design Patent No. 181148 issued to plaintiff Aileen on October 3, 1957. Plaintiff Aileen is alleged to be the owner, and plaintiff Morgan is alleged to be the exclusive sales agent for Aileen. The defendant in the original complaint, Ojay, is alleged to have infringed this patent by manufacturing and selling or causing to be sold textile fabrics made in accordance with and embodying the ornamental design disclosed and claimed in the said United States Design Patent No. 181148. The defendant is alleged to have made and marketed bedspreads without identification names or symbols to indicate that such spreads came from a source other than the plaintiffs with the effect, it is stated, of creating confusion, etc., with the resulting unfair competition. The prayer for relief seeks a preliminary and final injunction restraining defendant, etc. from making or causing to be made any textile fabric embodying the said ornamental design and enjoining

the defendant, etc. from committing further acts of unfair competition, for an accounting for profits, award of treble damages, costs, attorneys' fees, etc.

The amended complaint makes the same allegations and prays for the same relief against the defendant Ostow.

## II.  The New York Action

The New York action, instituted by Ostow alone against Morgan and Aileen, asserts that Morgan is the exclusive selling agent of products manufactured by Aileen and that Aileen manufactures bedspreads exclusively for Morgan and that the officers of Morgan are officers and controlling stockholders of Aileen. The New York complaint further alleges that the defendants here are carrying on illegal, monopolistic and unfair competitive activities affecting the plaintiff. This is based upon claims that the defendants are alleged to possess no valid patent rights and that there has been no infringment of any of the defendants' rights and the defendants, therefore, are charged with unfair competition, in effect, asserting this invalid right. The prayer for relief seeks a declaratory judgment declaring the patent above mentioned invalid and not infringed and unenforceable, and further seeks an injunction restraining defendants temporarily and permanently from harassing, threatening, intimidating or otherwise notifying customers of the plaintiff, etc.; also for an accounting for allegedly unlawful gains and for plaintiff's losses, etc.

I shall consider the fourth motion first since it may be dispositive of the other motions.

As already indicated, at the present time we have all four interested parties in the Georgia action. There, the issue is a direct one—infringement of the patent in question and consequent remedies (that is, injunction, accounting and damages) as well as damages for Ojay's allegedly manufacturing and selling competing bedspreads. Ojay has filed its answer in the Georgia action. Ojay proceeded by way of discovery by service of a demand for written interrogatories, which were answered by Aileen and Morgan.

Thus, the Georgia action is an action by a patentee against an allegedly infringing manufacturer. Instituted about April 15, 1959, it was the first such action. Ostow was not originally a party to the Georgia action and, it is true, on May 5, 1959, it started this action in the New York court. However, about June 25, 1959, the Georgia court permitted Aileen and Morgan as plaintiffs in the Georgia action to amend their complaint and to bring in Ostow, the allegedly infringing customer. It also appears to have been decided in an unrelated action in this court that (1) the relationship between the two corporations (Ostow and Ojay) is not that of manufacturer and jobber; (2) Ostow and Ojay are a part of a single enterprise, organized and controlled by David Ostow and Morris Jacobs; (3) the affairs of the two corporations are completely intermingled; and (4) the evidence reveals a single closely-knit and inseparable enterprise which makes and sells bedspreads. Judge Irving R. Kaufman in Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., D.C.S.D. N.Y.1958, 168 F.Supp. 894.

■ Under these circumstances, to permit the continuance of both the Georgia action and the New York action, at least pending decision of the Georgia motions, is unsound. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 1951, 189 F.2d 31, affirmed 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200.

The case of Squeez-A-Purse Corp. v. Stiller, D.C.N.D.Ohio 1957, 149 F.Supp. 60, is not applicable here since in that case the suit enjoined would not have bound the allegedly infringing manufacturer. Here, the decision in the Georgia court of the invalidity of the patent will protect Ostow as the distributor of the manufacturer's products from any infringement suit by Aileen. See Kessler v. Eldred, 1907, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065. Obviously, if the validity of the patent is sustained, manufacture will cease.

■ Although in the New York action there is the additional charge of unfair competition in the assertion of allegedly invalid patent rights, the determination of the validity of the patent in the Georgia action, where that issue was first squarely presented, will be determinative of this issue. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. See also Tele-Sonic Packaging Corp. v. Errich International Corp., D.C.S.D.N.Y. 1959, 173 F.Supp. 335. "The law is clear that it is not an actionable wrong for one having rights under a patent to assert in good faith, to whomsoever he will, that he intends to enforce what he conceives to be his legal rights." At page 347.

The issue of inconvenience of forum or harassment is not pertinent here on these motions since those issues are before the Georgia court for decision. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 186, 72 S.Ct. 219, 96 L.Ed. 200. Apparently, Ostow has already asked for transfer to the New York court under Title 28 U.S. C.A. § 1404(a). This issue, therefore, is not present here.

Of course, it must be basically assumed that Aileen's patent is presumably valid. See Title 35 U.S.C.A. § 282; Jacob Elishewitz & Sons Co., Inc. v. Bronston Brothers & Co., Inc., 2 Cir., 1930, 40 F.2d 434, 435; Eloesser-Heynemann Co. v. Bayly-Underhill Mfg. Co., D.C.D.Colo. 1928, 29 F.2d 305, 308; Walker on Patents, Vol. I, § 143.

Consequently, the motion of Aileen and Morgan, defendants in this action, to enjoin Ostow from taking any further proceedings in the New York action is granted pending final judgment in the action pending in the Georgia court *unless* prior thereto the decision of that court on the motion now pending therein quashes the summons and dismisses the complaint for lack of jurisdiction as against Ostow *or* transfers such Georgia action to the Southern District of New York and until 10 days thereafter. In the event the Georgia court quashes the summons and dismisses that action as against Ostow, Aileen and Morgan may, without prejudice, move here to stay the action in the Southern District of New York. In the event that the Georgia court denies the motion to quash and dismiss, etc., but grants the motion to transfer the Georgia action to this court, any party may move to consolidate the two actions in this court or for any other appropriate relief.

Motion No. 1 is granted.

Motion No. 2 is denied.

Motion No. 3 is granted to the following extent:

■ The motion to quash the deposition subpoena duces tecum insofar as it seeks to require Morgan by Whitefoord S. Mays, Jr., President, to bring with him all records of sales, orders and production of the "Moonbeam" bedspread, including all records of its advertisement, as well as a sample of the said bedspread and circulars used in connection with its sale, is granted. See Panamusica Venezuela C. A. v. American Steel Export Company, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 280; Continental Distilling Corporation v. Humphrey, D.D.C.1955, 17 F.R.D. 237. Note 4 Moore's Federal Practice, 2d Ed., § 34.02(b): "To harmonize the various provisions, the specific should control over the general, and Rule 34 would, therefore, control and require a showing of good cause as a condition to obtaining discovery of documents from a party, even where the party's deposition is being taken." (p. 2426.)

The depositions of defendant Morgan by Whitefoord S. Mays, Jr., President, and the deposition of the defendant Aileen by Edwin Morgan, President, under notice dated June 5, 1959, are stayed pending final judgment in the action pending in the Georgia court unless prior thereto the decision of that court on the motion now pending therein quashes the summons and dismisses the complaint for lack of jurisdiction as against Ostow or transfers such Georgia action to the

Southern District of New York and until 10 days thereafter.

Settle order on notice.

## On Motion for Reargument

By order to show cause dated January 12, 1960, the plaintiff, Ostow & Jacobs, Inc. (hereinafter called "Ostow") moved for a reargument of the motions decided by this court in the opinion of January 6, 1960 and/or, in the alternative, for permission to appeal pursuant to Title 28 U.S.C.A. § 1292(b) from the granting of defendants' motions to extend the time of defendant Aileen Mills Co., Inc. (hereinafter called "Aileen") to answer the complaint, to vacate the subpoena served upon defendant Morgan-Jones, Inc. (hereinafter called "Morgan") and to vacate the notices for the taking of the depositions of the defendants.

The reasons advanced for such reargument as set forth in the affidavit of Charles Sonnenreich, attorney for the plaintiff, sworn to on January 11, 1960, and in the memorandum in support of the application for leave to reargue, appear to be as follows:

1. The opinion of the court was based upon the conclusion that at the present time all four interested parties are in the Georgia action while in reality the questions of service, venue and jurisdiction have not yet been decided by that court.

2. That this court relied on the dicta in Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., D.C.S.D.N.Y.1958, 168 F. Supp. 894, that Ostow and Ojay Mills, Incorporated (hereinafter called "Ojay") were part of a "single enterprise" and held that Ostow is present in the Georgia suit. The plaintiff further states: "The ruling by this Court that Ostow is present in the Georgia suit will be interpreted by the defendants, and urged upon the Georgia Court as an adjudication that the venue and jurisdiction of the Georgia suit is proper."

3. That all of the issues in this action are not the same as those in the Georgia action.

4. That the defendants failed to make out a strong showing of the need for a stay of the New York action.

5. That in granting a stay of the action in this court, the court failed to consider the relative convenience of the parties and did not balance the equities.

The first reason advanced for reargument is answered by the statement that the court took into consideration only the posture of the parties in the Georgia action as represented to the court at the time of the argument of the motion. At that time the plaintiff was a named defendant in the Georgia action. The court expressly recognized that the status of the plaintiff in Georgia was subject to the motion to dismiss or, in the alternative, to transfer to New York. However, the decision on the motions here could not be based on a prediction as to the probable action of the Georgia court but only on the facts as then shown. Pending determination of the motion in Georgia, Ostow is a party to the Georgia action and subject to the rulings of that court.

The argument that this court ruled that Ostow is present in the Georgia suit is equally untenable. As has been previously stated, the court expressly recognized that the presence of Ostow in Georgia is subject to the decision by that court on the motion.

The court did not rely on the dicta in Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., D.C.S.D.N.Y.1958, 168 F. Supp. 894 to hold that Ostow and Ojay were one legal entity. That case was cited to explain the relationship between the parties as found in a previous action in this court. Ojay is not a party in this action and no finding as to the relationship between Ostow and Ojay was made by this court.

No ruling was made that Ostow was present in the Georgia action. No opinion was expressed as to the probable disposition of the motions. There was no intention on the part of this court to usurp the functions of the Georgia court.

It is because of this deference to the Georgia court that the last-mentioned contention of the plaintiff—that this court erred by refusing to consider the convenience of the parties or weigh the respective equities—is also invalid. Ostow has asked the Georgia court to decide the issue of convenience of forum by moving for a transfer of the action under Title 28 U.S.C.A. § 1404(a). For this court to also consider that question would be contrary to the principles of sound judicial administration. In addition, for this court to consider the question would be to presume that the Georgia court is going to refuse the plaintiff's motion to dismiss or transfer. No such presumption is intended.

The plaintiff also claims that the defendants failed to make out a clear case of hardship or inequity in being required to go forward with this action. The imposition on the defendants here of being forced to proceed with two suits has been considered. The attempt by Aileen and Morgan to preserve their original choice of forum for determination of the validity of Aileen's patent, the prevention of multiplicity of actions, and the possible existence of "forum shopping" were considered by this court in the exercise of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 1936, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153. See Crosley Corporation v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925, 930.

The remaining contention of the plaintiff is that a stay of the New York action should not have been granted because *all* of the issues were not the same in this action and in the Georgia suit. The plaintiff asserts that in the Georgia suit the defendants here, Morgan and Aileen, sued Ojay for infringement of the patent by Ojay, who manufactured the fabrics covered by the patent. The complaint also sought recovery for unfair competition arising out of the sale of unmarked and unlabeled bedspreads by Ojay. The complaint was later amended to include Ostow as a party defendant.

In the New York action, Ostow sued Morgan and Aileen to declare the patent invalid and not infringed. Plaintiff joined with such declaratory cause of action one for unfair competition based upon business disparagement allegedly resulting from the improper charge of patent infringement based on its sale of finished bedspreads.

To support its position that a stay was improper because all of the issues in the two suits are not the same, plaintiff stated: "Even if we assumed that the New York action was the later one brought, which, of course, as to Ostow is not the case, staying the prosecution of this action would have been proper 'only if the controversy in each Court involves the same issues and the same parties', Triangle C[onduit] & C[able] Co. v. Nat[ional] Electric Products Corp. [3 Cir.], 138 F.2d 46, 47; Cresta Blanca Wine Co., Inc. v. Eastern Wine Corp., [2 Cir.], 143 F.2d 1012, and cases cited there; Audio Devices, Inc. v. Minnesota Mining & Mfg. Co., D.C.S.[D.]N.Y., 135 F.Supp. 870; Tubular Textile Machinery Corp. v. Redman [D.C.], 173 F.Supp. 269 * * *"

It is worth noting that in none of the cases cited was it held that all of the issues in the two actions involved must be the same and in all of the cases cited a problem existed because of a difference in the parties involved in the two actions. Pending disposition of the motion by Ostow in the Georgia suit there is no problem presented here as to the parties. In Triangle Conduit & Cable Co., Inc. v. National Electric Products Co., 3 Cir., 1943, 138 F.2d 46, certiorari denied, 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471, solely a question of parties was involved. Triangle had commenced an action in the District Court for the District of Delaware seeking a declaratory judgment of invalidity with respect to eleven patents owned by National. National then filed a patent infringement suit in the District Court for the Eastern District of Michigan charging Triangle

with having infringed ten of the National patents and charging Sears, Roebuck & Company, Inc. with having infringed by reselling articles in violation of six of the patents. The Court of Appeals for the Third Circuit held that it was the duty of the Delaware Court to enjoin National from proceeding with the cause of action stated in the Michigan suit against Triangle until after the declaratory judgment action had been decided. Triangle Conduit and Cable Co., Inc. v. National Electric Products Co., 3 Cir., 1942, 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750.

In the second Triangle case, cited by the plaintiff, the Circuit Court held only that Triangle could not properly enjoin National's severed cause of action against Sears. 138 F.2d 46, certiorari denied, 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471.

In Cresta Blanca Wine Co., Inc. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012, the first suit by Cresta, a wholly-owned subsidiary of Schenley Distillers Corp., against Eastern in the District Court for the Southern District of New York asserted two causes of action—the first charging trade-mark infringement by the use of "Casa Blanca" for Eastern's wines; the second asking for a declaratory judgment of Cresta's right to continue to use its trade-mark "Cresta Blanca." Shortly thereafter, Eastern filed separate actions in the federal court for the District of Delaware against Schenley and Cresta, charging infringement of its mark "Casa Blanca" by the use of "Cresta Blanca" as applied to wines. The Second Circuit held that further prosecution of Eastern's suit against Cresta should be stayed but that there was no abuse of discretion in denying Cresta a stay of Eastern's action against Schenley. Again, the question of similarity of parties was paramount, but the court also discussed the requisite similarity of issues. "As to the cases between Cresta and Eastern it is urged that while the parties are the same the issues are not because in the first cause of action Cresta is seeking an accounting

and an injunction against Eastern while in the Delaware suit the reverse is true, and in the second cause of action Cresta does not seek a declaratory judgment of the invalidity of Eastern's trade-mark of 'Casa Blanca' but merely a declaration that Eastern has shown such laches in asserting its claim of priority as to entitle Cresta to continue its use of 'Cresta Blanca.' We see no merit in the contention. Each action requires a determination whether the two marks are confusingly similar and which party has the prior right within the states where both are doing business. There is nothing to suggest that these questions can be better settled or relief afforded more expeditiously or more effectively in the Delaware action than in the New York suit. The New York suit having been first commenced, we think that further prosecution of the later action should have been stayed." 143 F.2d at page 1014.

The lack of similarity of issues and parties combined to persuade the court to deny a stay in Audio Devices, Inc. v. Minnesota Mining and Manufacturing Co., D.C.S.D.N.Y.1955, 135 F.Supp. 870. There, a patentee, Armour Research Company, had brought an infringement action in the Eastern District Court of Illinois against Williams, an allegedly infringing manufacturer. Thereafter, plaintiff (Audio), a customer of the infringing manufacturer brought a declaratory judgment action in this court against Armour and Minnesota Mining and Manufacturing Company (whose relationship to Armour was not set forth). A motion for a stay of the New York action was made by Minnesota pending the outcome of the Illinois action. This was denied, the court holding: "Audio has alleged that if it infringes at all, it *directly* infringes the patent in suit not solely by reason of its purchase of *some* magnetic oxides from Williams, but by the manufacture and use of a greater amount of *its own* magnetic oxides. Hence, the issues in the Illinois action by Armour against Williams are not the same as in Audio's action in this court against Minnesota. Considering there-

fore the vital interest that Audio has in its suit in this district wherein the issues raised are broader than those in Armour's suit against Williams in the Eastern District of Illinois to which Audio is not a party, I am utterly unconvinced that the interests of justice require that further proceedings here be stayed pending the determination of the litigation in the Illinois District Court." 135 F.Supp. 870–871.

The essential fact present in the Audio Devices case and absent here is that the plaintiff in the action sought to be stayed there was not a party to the prior suit.

The importance of the determination of the validity of the patent and the infringement thereof which was first posed to the Georgia court is shown by the decision of Judge Dimock of this court on a motion by the defendant Morgan to dismiss the action as to it in New York on the ground that no claim within the jurisdiction of the federal court was made. In a decision filed December 16, 1959, D.C., 180 F.Supp. 38, Judge Dimock analyzed the cause of action of the plaintiff for unfair competition and concluded as follows: "My conclusion is that plaintiff has stated a claim against Morgan-Jones under which plaintiff cannot recover without establishing either that a patent is invalid or that it is not infringed. Thus an aspect of the federal law of patents is essential to plaintiff's success and, under the doctrine of Smith v. Kansas City Title Co., 255 U.S. 180, 41 S.Ct. 243, [65 L.Ed. 577], supra, the claim is one arising under an Act of Congress relating to patents." A motion has been made for reargument of this motion.

The facts in Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 3 Cir., 1950, 182 F.2d 773, same case, 3 Cir., 189 F.2d 31, affirmed 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 are somewhat similar to those presented here. A suit for patent infringement was filed by C-O-Two against Acme Equipment Co. in Illinois. Thereafter, Kerotest brought a declaratory judgment action in Delaware on March 9, 1950, for a declaration

that the patents sued on in the Illinois action were invalid and that the devices which Kerotest manufactured and supplied to Acme did not infringe the C-O-Two patents. On March 22, 1950, C-O-Two filed an amendment to its complaint joining Kerotest as a defendant in the Illinois action. In Delaware, C-O-Two moved for a stay of the Delaware declaratory judgment action and Kerotest sought to enjoin C-O-Two from prosecuting the Illinois suit. The District Court stayed the Delaware proceeding and refused to enjoin that in Illinois, subject to re-examination of the questions after 90 days. The Court of Appeals affirmed, stating: "We think the district court did not abuse its discretion. Three parties are involved in the Illinois suit and the status of one of them, Kerotest, in that suit is not entirely clear. Two of these parties are litigating in Delaware. It seems to us that in limiting the Delaware stay to 90 days and in making explicit the privilege of Kerotest at the expiration of that period to renew its motion to restrain C-O-Two from proceeding against it in Illinois, the district court did no more than to withhold its hand pending disposition of motions in Illinois, receipt of more information concerning the controverted status of Kerotest in the Illinois suit, better advice on the probable time of trial in Illinois and perhaps other intelligence. Although injunctions of the type here sought operate against parties rather than courts, their effect upon the business of competent sister tribunals is such that courts are properly cautious in their issuance and reluctant to act until entirely sure of the premises and of the equities and proprieties involved. It may well be that the additional information available at the end of the waiting period will be helpful to the learned District Judge in determining, if required to do so, which suit should proceed to trial * * * " 182 F. 2d 773, 775.

Upon renewal of the motions after 90 days, the circuit court, reversing the district court, ordered a stay of the Delaware action until 10 days after the

termination of the Illinois action. 189 F.2d 31. The Supreme Court affirmed, 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200.

The present status of this action is roughly similar to that confronting the district court upon the original motions in Kerotest. The status of Ostow in the Georgia suit is in doubt pending the outcome of the motions there. In the New York action the defendant Morgan has moved for reargument of the motion to dismiss.

The motion for reargument is granted. Upon such reargument, the motions are determined as follows:

The decision of this court of January 6, 1960 on the fourth motion discussed there, the motion of Aileen and Morgan to enjoin Ostow from taking any further proceedings in the New York action is modified to read as follows:

The motion of Aileen and Morgan to enjoin Ostow from taking any further proceedings in this action is granted until 10 days after the decision of the Georgia court on the motion by Ostow (a) to quash service of the summons on said Ostow and dismiss the complaint for lack of jurisdiction and improper venue, or (b) to transfer the action in Georgia to the Southern District of New York.

Each party is accorded the privilege of renewing its respective motion, that is, the second and fourth motions previously mentioned, without prejudice, within ten days after the decision by the Georgia court on the present motion pending in said court.

The decision granting motion No. 1 remains unchanged.

The decision denying motion No. 2 remains unchanged except that, as previously stated, the plaintiff may renew that motion within 10 days after the decision of the Georgia court on the present motion pending in said court.

The decision granting motion No. 3 to quash the deposition subpoena duces tecum insofar as it seeks to require Morgan by Whitefoord S. Mays, Jr. to bring with him all records, etc. remains unchanged.

The deposition of defendant Morgan by Whitefoord S. Mays, Jr., President, and the deposition of the defendant Aileen by Edwin Morgan, President, under notice dated June 5, 1959 are stayed until 10 days after decision of the Georgia court on the present motion pending in said court.

▮ The alternative motion requesting permission to the plaintiff to immediately appeal to the Court of Appeals pursuant to Title 28 U.S.C.A. § 1292(b) from the granting of defendants' motions to extend the time of Aileen to answer the complaint, to vacate the subpoena served upon Morgan and to vacate the notices for the taking of the depositions is denied.

Section 1292(b) of Title 28 U.S.C.A. reads as follows:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

In my opinion, the statutory requirements have not been met. There is no "controlling question of law" involved and it does not appear that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Settle order on notice.