**BOOTS AIRCRAFT NUT CORPORA-TION and John W. Ferguson,**
**Plaintiffs,**

v.

**KAYNAR MANUFACTURING CO.,**
**Inc., Defendant (Action No. 1).**

**BOOTS AIRCRAFT NUT CORPORA-TION and John W. Ferguson,**
**Plaintiffs,**

v.

**Frank A. KLAUS, Jr., and Kenneth Rei-ner individually and as co-partners doing business as The Kaynar Com-pany, Defendants (Action No. 2).**
**Civ. Nos. 60–C–663, 60–C–855.**

United States District Court
E. D. New York.

Oct. 6, 1960.

Blair, Spencer & Buckles, Robert A. Buckles, Stamford, Conn., for plaintiffs. John C. Blair, F. Eugene Davis, IV, Stamford, Conn., of counsel.

William R. Liberman, New York City, for defendant Kaynar Mfg. Co., Inc., appearing specially. Fulwider, Mattingly & Huntley, Walter P. Huntley, John M. Lee, Los Angeles, Cal., of counsel.

BRUCHHAUSEN, Chief Judge.

Since the commencement of the above mentioned action No. 1 on July 18, 1960, the parties thereto have made a number of motions, all of which were orally argued and submitted for decision on September 21, 1960.

The chronology of events is as follows:

July 18, 1960—The said action No. 1 was commenced in this court.

July 21, 1960—Kaynar Company, a partnership, composed of Frank A. Klaus, Jr. and Kenneth Reiner, the alleged owner or owners of all of the shares of stock of the defendant, Kaynar Corporation, commenced an action against the plaintiff, Boots Corporation, in a California Federal court.

August 1, 1960—An amended complaint in the aforesaid action No. 1, joining John W. Ferguson as a party plaintiff, was filed.

August 8, 1960—The defendant, Kaynar Corporation, served notice of motion for dismissal of the said action No. 1 or, in the alternative, for change of venue.

August 16, 1960—Notice was served by plaintiff in action No. 1 for the taking of depositions in California.

September 12, 1960—The plaintiff, Boots Corporation, served notice of motion in action No. 1 for an injunction.

September 14, 1960—The plaintiff, Boots Corporation, and said John W. Ferguson commenced action No. 2 in this court against the said Kaynar Company, a partnership.

September 15, 1960—The said plaintiff served notice of motion to consolidate both the said actions, Numbers 1 and 2, pending in this Court.

September 19, 1960—The plaintiff procured and served an order to show cause why the motions of the plaintiff Boots Corporation should not be postponed.

September 20, 1960—The plaintiff, Boots Corporation, served notice of motion for judgment by default in action No. 1 for the alleged failure of Frank A. Klaus, Jr. and Kenneth Reiner to comply with the notice for the taking of their depositions in California.

The Motion of the Defendant, Kaynar Corporation, in Action No. 1 to Dismiss the Complaint Therein or, in the Alternative, for Change of Venue.

In its complaint in action No. 1 the plaintiff, Boots Corporation, alleges, in substance, that it is a Delaware corporation, with officers in Norwalk, Connecticut; that defendant, Kaynar Corporation, is a California corporation with a place of business in California and a "regular and established place of business at 8730—18th Avenue, Brooklyn," in this district; that a certain patent was issued to Kenneth Reiner; that the defendant, Kaynar Corporation, is a wholly owned subsidiary of Kaynar Company, a partnership; that defendant, Kaynar Corporation, or those in control or privity therewith hold title to the patent; that Kaynar Corporation or those in control have asserted that the patent is infringed and have threatened the customers of plaintiff, Boots Corporation, and have threatened suit for infringement; that the said plaintiff has not infringed the patent; that the patent is invalid and that the Kaynar Corporation is chargeable with unfair competition and with maintaining a monopoly in violation of the anti-trust laws.

The prayer for relief is for a declaratory judgment that the patent claims are void; that the claims of said patent have not been infringed by plaintiff, Boots Corporation; for an injunction restraining Kaynar Corporation from bringing actions charging infringement and for money damages.

The sole ground advanced by the said Kaynar Corporation for dismissal of the complaint in action No. 1 is that the patent owner, allegedly the partnership, Kaynar Company, is not a party to said action No. 1; that inasmuch as the subject matter of the complaint involves the validity and scope of the patent, no controversy exists affecting the defendant, Kaynar Corporation. If the said defendant's assertion be correct, there is authority supporting its position.

While the defendant, Kaynar Corporation, submits an affidavit to the effect that the partnership is the owner of the patent, there is evidence in contradiction such as Exhibit No. 12, attached to the affidavit of John M. Lee, submitted by the said defendant, purporting to be a circular or advertisement of the patent, subscribed by "Kaynar Manufacturing Co. Inc." There is an indication that Kaynar Manufacturing Company paid legal fees for the patent. (See defendant's Exhibit 7, page 3 and affidavit of Robert A. Buckles, sworn to September 28, 1960). The defendant Kaynar Corporation asserts that it holds an "oral license" from the partnership to manufacture. In its brief, it also points out that the stock of the corporation is wholly owned by the partnership and that in effect the corporation may be considered as a subsidiary of the partnership. For the purposes of the motion of Kaynar Corporation to dismiss the complaint, it has not established ownership of the patent by the partnership. If the stockholder partners, Klaus and Reiner, had duly responded to the plaintiff's notice for taking depositions in California on September 13, 1960, pertinent facts relating to the ownership of the patent might have been elicited. While the Court declines to grant the plaintiff's mo-

tion for judgment, based on the alleged default, it leaves for later determination, the question of payment of the expenses of the plaintiff, Boots Corporation, when and if the said plaintiff sees fit to again undertake the taking of the depositions in that State.

The case of Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., and Aileen Mills, Inc., D.C., 180 F.Supp. 38 is in point. It therein appeared that the plaintiff, a manufacturer, sued the defendant, Morgan-Jones, Inc., the selling agent of the patent owner, Aileen Mills, and the latter named company, seeking a declaratory judgment declaring invalidity of the patent, an injunction and an accounting. The said plaintiff, as in the case at bar, alleged that plaintiff's customers had been threatened by defendant, Morgan-Jones, Inc. The defendant moved to dismiss the complaint for lack of jurisdiction as against the said defendant. In denying the motion, the court held that the suit was based on disparagement by said defendant of plaintiff's right to sell its product in that the said defendant stated that it infringed the Aileen patent.

It will be noted that the position of the Boots Corporation in resisting the claim of lack of jurisdiction is even stronger in that additional issues are raised by it of unfair competition and violation of the anti-trust laws.

The Plaintiff's Motion to Consolidate Actions Nos. 1 and 2;

The Defendants' Motion for Change of Venue; The Plaintiff's Motion for an Injunction.

■ As stated, the plaintiff, Boots Corporation, on July 18, 1960, commenced action No. 1 against the Kaynar Corporation in this Court for a declaratory judgment seeking an injunction, and charging unfair competition and violation of the anti-trust laws.

On September 14, 1960, the plaintiffs Boots Corporation and John W. Ferguson instituted action No. 2 against the partnership in this Court seeking a declaratory judgment that the claims of the subject patent are invalid and not infringed by plaintiffs, an injunction, that there was unfair competition and violation of the anti-trust laws.

The said plaintiffs now ask that the actions be consolidated, pursuant to the authority granted by Section 42 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under all of the circumstances, the actions should be consolidated into a single action. If the plaintiff had moved to amend the complaint in action No. 1 by joining the partnership as a defendant, it would be entitled to such relief. Adams v. Beland Realty Corporation, D.C., 187 F.Supp. 680.

■ I now consider the motion of the defendant Kaynar Corporation to transfer action No. 1 to the California Federal Court and the plaintiff's motion for an injunction, restraining the defendants and others from proceeding with the California action and for other similar relief. The single issue in the California action is the validity of the patent. The parties plaintiff therein are the two members of the partnership, the alleged patent owners, and the defendant is the Boots Corporation, whereas actions Numbers 1 and 2, pending in this Court include those parties as well as the Kaynar Corporation. Furthermore, the said complaints in the said two actions include additional issues arising out of or having a bearing upon the patent claims. It is plain that a determination in the California action would be restricted to the single issue of patent infringement, whereas a judgment may be procured in the consolidated action in this district upon all of the issues, binding upon all of the parties. It is desirable that all of the litigation be resolved in a single action, the consolidated action, and that the litigation in the California Federal Court and other contemplated proceedings be halted.

■ The Kaynar Corporation and partnership, in support of their plea that their operations are confined to California submit some evidence. However, aside from other factors, some of which

are mentioned in this opinion, it appears that they have more extensive operations. For instance, Exhibit 13, attached to the defendant Klaus's affidavit reveals that the Kaynar Company holds forth in Los Angeles, Chicago, New York, Paris and Antwerp. The 1960–1961 Telephone Directory contains the following listings:

"Kaynar Co—hair curlers
8730—18th Ave—
Cloverdale 6–6774
"Kaynar Mfg. Co. Inc.—hrdwr
8730—18th Ave—Cl 6–6775."

The Kaynar Corporation's claim of forum non conveniens lacks merit.

The case of Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 3 Cir., 182 F.2d 773, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, sets forth the principles applicable to the problems arising in patent litigation, where actions are commenced in various Federal Courts. Both the Circuit Court of Appeals and the Supreme Court handed down opinions, hereinabove cited.

The parties and nature of each of the actions pertaining to the C-O-Two patent are described as follows:

On January 17, 1950, the C-O-Two Co., the patent owner, sued Acme Co., a manufacturer, in an Illinois Federal Court for infringement.

In March 1950, Kerotest, a manufacturer, instituted its action in the Delaware Federal Court against the patentee, C-O-Two Co., claiming invalidity of the patent and for a decree declaring that devices manufactured by Kerotest and supplied to Acme did not infringe the patent.

It appears that by amendment, Kerotest was added as an additional defendant in the Illinois action.

The Delaware Federal Court stayed the action therein pending for a period of ninety days and declined to enjoin the patentee from proceeding with its action in the Illinois Court.

On appeal to the Circuit Court, it held (182 F.2d 773) that the Illinois action should proceed because Acme could not be made a party in the Delaware action; that an adjudication by the Illinois Court would be binding on all parties and the interests of all parties would best be served by the prosecution of the single suit in the Illinois Court. In 342 U.S. 180, 72 S.Ct. 219, 222, 96 L.Ed. 200, the Supreme Court wrote:

"The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit, and a judgment in his favor bars suits against his customers. * * * If the patentee's suit against a customer is brought in a district where the manufacturer cannot be joined as a defendant, the manufacturer may be permitted simultaneously to prosecute a declaratory action against the patentee elsewhere. And if the manufacturer is joined as an unwilling defendant in a forum non conveniens, he has available upon an appropriate showing the relief provided by § 1404(a) of the Judicial Code."

The motions are disposed of as hereinabove indicated. Settle order on notice.