BOOTS AIRCRAFT NUT CORPORA-
TION and John W. Ferguson,
Plaintiffs,

v.

KAYNAR MANUFACTURING CO., Inc.,
Defendant.

BOOTS AIRCRAFT NUT CORPORA-
TION and John W. Ferguson,
Plaintiffs,

v.

Frank A. KLAUS, Jr., and Kenneth Rein-
er, individually and as co-partners do-
ing business as The Kaynar Company,
Defendants.

Civ. Nos. 60-C-663, 60-C-855.

United States District Court
E. D. New York.

June 5, 1961.

See also 195 F.Supp. 444.

Blair & Buckles, Stamford, Conn., for plaintiffs; Robert A. Buckles, Stamford, Conn., of counsel.

Strasser, Spiegelberg, Fried & Frank, New York City, for defendants; Laurence Rosenthal, Milton R. Ackman, New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

The plaintiffs move for an order pursuant to Rules 25(c) and 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., joining Townsend Company, a Pennsylvania corporation, and Textron, Inc., a Rhode Island corporation, as parties plaintiff, and for an order pursuant to Rule 65 of the Federal Rules of Civil Procedure extending the injunction of November 14, 1960, enjoining defendants, their officers, agents, servants, employees, and attorneys from bringing or prosecuting, or threatening to bring or prosecute any civil action charging infringement of United States Patent No. 2,816,591 against Boots Enterprises, Inc., formerly Boots Aircraft Nut Corporation, John W. Ferguson, Townsend Company, Textron, Inc., their agents, subsidiaries or assigns, or any one or more of them.

The defendants cross-move for an order pursuant to Rule 56(b) of the Federal Rules of Civil Procedure for summary judgment on all of the plaintiffs' claims on the ground that they no longer have any interest in the subject matter; or in the alternative, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, granting defendants partial judgment on plaintiffs' claim for a declaratory judgment and on their claim predicated upon defendants' alleged unfair competition on the ground that the plaintiffs no longer have any standing to re-

quest declaratory or injunctive relief herein, and on the ground that the plaintiffs have committed unconscionable and inequitable acts and pursuant to Section 1404(a) of Title 28 of the United States Code, transferring the consolidated actions to the Southern District of California, Central Division.

This Court in a lengthy opinion filed October 6, 1960, and reported in 188 F. Supp. 126, listed the chronology of events in this case. The only new occurrence since then was the sale on November 11, 1960, by Boots Aircraft Nut Corporation of its assets and its entire interest in the nut business to Townsend Company, a subsidiary of Textron, Inc. This transfer included an assignment of Boots chose in action against these defendants, that is the three causes of action now pending in this court. The suits involve a claim for declaratory judgment, damages based on unfair competition and a claim for an injunction and damages based upon defendants' violation of the antitrust laws. The principal place of business of Townsend Company is in Pennsylvania and Textron, Inc., in Rhode Island. The manufacture of the alleged infringing locknuts is in Connecticut.

Subsequent to the sale of the nut business to Townsend Company, the defendants commenced suit against Townsend Company and Textron, Inc. in the Southern District of California. This suit charges patent infringement and violation of the antitrust laws.

In substance there is again two suits pending in two districts involving the same subject matter. The defendants named in the California suit have moved pursuant to the rules for an order joining them as party plaintiffs. The reason is to have before this court all the parties having a common interest in this litigation in order to resolve the controversy in a single proceeding. As previously stated Townsend Company received by assignment from Boots the three causes of action now pending in this district. There is also pending litigation between Boots and the Kaynar group patent litigation as to past infringement which is unaffected by the sale and still to be determined. It is obvious that by the joinder of Textron, Inc. and Townsend Company as plaintiffs in this consolidated action, the parties presently before this court and the named defendants in the second California suit and the issues to be resolved will be identical. It is to be further observed that a determination of the issues here will be binding upon all parties named in these suits. The defendants' arguments concerning the unclean hands doctrine are inapplicable. This Court's opinion of October 6, 1960 would have been the same whether or not it was informed of the sale. The cases cited by the defendants in support of their contentions are clearly distinguishable from the present case and are inapplicable.

The plaintiffs' motions to join additional parties and for an extended injunction are granted. The defendants' cross-motions are in all respects denied. Decision is reserved on plaintiffs' motion for assignment of the action to a single judge.

Settle order on ten (10) days' notice.