## YALE & TOWNE MFG. CO. v. MANNING, MAXWELL & MOORE, Inc.

United States District Court
S. D. New York.

May 29, 1950.

Pennie, Edmonds, Morton & Barrows, New York City, for plaintiff.

Littlefield, Miller & Cleaves, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff has moved to enjoin the defendant from proceeding further with prosecution of an action in the United States District Court for the Western District of Michigan, Southern Division, designated Civil Action 1424, wherein the defendant is the plaintiff, and Hayden Supply Company, a Michigan corporation, is defendant, on the ground that the contested issues between the real parties in interest in both actions can be completely disposed of in the present action and cannot be completely disposed of in said Michigan action.

This action is for a declaratory judgment by the manufacturer of certain equipment, which seeks to enjoin the enforcement of and to have five patents owned by the defendant declared invalid and void. The action was commenced on February 1, 1950.

The action in Michigan, started on December 16, 1949, is by the owner of the patents, the defendant herein, for infringement of these same five patents by the Hayden Supply Co., a dealer who sells Yale & Towne's products. Yale & Towne seeks to enjoin the Michigan action on the ground that if it would be permitted to and did intervene in that action, it could not assert a claim of laches or equitable estoppel available to it in this declaratory judgment action.

It is undisputed that where two actions are simultaneously pending, both of which place in issue the same patents as between the same parties, the action first instituted should be proceeded with and the other action stayed pending determination of the action first filed. Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925. However, this is not an inflexible rule, and plaintiff claims that even though the Michigan action was first instituted this case should be the exception to the rule since a complete determination of rights could be effectuated only by the action in this District.

In every case examined by the Court, actions have been enjoined on the basis of the pendency of another action only where the *same parties* as well as the same issues are involved in the two actions. See, e. g. Cresta Blanca Wine Co. v. Eastern Wine Corp., supra; Crosley Corp. v. Hazeltine Corp., supra; Triangle Conduit & Cable Co. v. National Electric Products Corp., 3 Cir., 1942, 125 F.2d 1008; Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 3 Cir., 1942, 130 F.2d 474; Hammett v. Warner Brothers Pictures, 2 Cir. 1949, 176 F.2d 145.

The action by the defendant herein in Michigan is against the Hayden Supply Co., which is not a party to this action; furthermore, the plaintiff herein is not a party to the Michigan action. The case of Triangle Conduit & Cable Co. v. National Products Corp., supra, is very much in point. In that action the Court said that where a declaratory judgment action is brought

against a manufacturer to establish the validity of patents, the Court would enjoin a subsequent action for infringement brought against the manufacturer and a dealer *only as to the manufacturer;* the claim against the dealer is a separate claim and would have to be severed and proceed to trial. The reasoning of this case precludes this Court from enjoining the *prior* prosecution of an infringement action against a dealer alone in a subsequent suit in which the dealer does not appear.

The rationale of this decision is that the cause of action of a patent owner against an infringing manufacturer is wholly separate and distinct from his cause of action against one who resells the infringing product. Kryptok Co. v. Stead Lens Co., 8 Cir., 1911, 190 F. 767, 39 L.R.A., N.S., 1. The owner of the patent can sue users in the district where the owner resides and where the infringing articles are used and is not subject to criticism because he did not go to the district of manufacture to sue the maker. Ryder v. Townsend, C.C.N.D.N.Y.1911, 188 F. 792.

The Court of Appeals for this Circuit, in deciding which of two similar actions to enjoin, indicated by way of dictum that there should be a "clear balance of convenience in favor of the action in which all or most of the issues and parties could be joined * * *." Hammett v. Warner Brothers Pictures, supra, 176 F.2d at page 150. In this action the Hayden Supply Co. would not be before the Court. On the other hand, it has been indicated that the plaintiff herein is conducting the defense in the Michigan action, in which event it can effectively participate in the Michigan action and all parties would be bound by the decision in that suit in any subsequent action. Universal Oil Prod. Co. v. Winkler-Koch Engineering, D.C.N.D. Ill.1939, 27 F.Supp. 161; Caterpillar Tractor Co. v. International Harvester Co., D.C. N.J.1940, 32 F.Supp. 304. The plaintiff could also intervene in the Michigan action as a matter of equitable right. Chandler & Price Co. v. Brandtjen & Kluge, Inc., 1935, 296 U.S. 53, 56 S.Ct. 6, 80 L.Ed. 39.

The only objection plaintiff has to intervening in the Michigan action is its belief that it could not allege its claim of laches in that action. Plaintiff relies on the Chandler case, supra, for this proposition. That case merely sustained the dismissal of a counterclaim raised by the intervening manufacturer based on an entirely separate patent not in question in the action as originally brought. The Court is convinced that all parties can appear in the action in the District Court in the Western District of Michigan, Southern Division, and all issues can be completely and effectively determined therein; therefore there is no justification for enjoining prosecution of that action which was instituted prior to the action herein.

Motion by plaintiff denied.