Hubert TYRILL

v.

ALCOA S.S. CO., Inc.

United States District Court
S. D. New York.
Nov. 6, 1958.

See also 164 F.Supp. 388.

Morris Hirschhorn, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant, Francis X. Byrn, New York City, of counsel.

RYAN, District Judge.

Plaintiff moves this court to stay defendant from prosecuting an action in the District Court of the Virgin Islands, Division of St. Croix, Christiansted Jurisdiction, begun on September 3, 1958, seeking a declaratory judgment under 5 V.I.C. § 1261.

Plaintiff, a British national, filed on January 8, 1958, suit here against defendant, a New York corporation, to recover for injuries allegedly received while employed aboard defendant's ves-

sel, S.S. Alcoa Runner, as a longshoreman, while the vessel was at St. Croix. At the time of the accident, plaintiff was a resident of St. Croix, earning his living there; since March 1957, plaintiff, who became paraplegic as a result of his injuries and in need of specialized hospitalization and treatment, has been residing in New York.

The answer of the defendant pleads as an affirmative defense, that at the time of the occurrence it was doing business in St. Croix, that it was plaintiff's employer and that its sole liability is for compensation and medical treatment under the Employees Compensation Act of the Municipality of St. Croix, V.I.

Judge Dawson on February 7, 1958, D.C., 158 F.Supp. 853, denied a motion under Sec. 1404(a) to transfer this suit only because of plaintiff's physical incapacity; however, he specifically found that this was the type of suit which otherwise would dictate that the transfer to the Virgin Islands be granted.

Since then and on September 3, 1958, defendant filed suit in the Virgin Islands district court naming as defendants— the plaintiff herein, Robert L. Merwin & Co., its agent, and Louis E. Brown, Acting Commissioner of Agriculture and Labor in the Virgin Islands and administrator of the Virgin Islands Compensation Statute. This complaint alleges that defendant was doing business and was the owner of the S.S. Alcoa Runner; that Brown, as Acting Commissioner has jurisdiction over plaintiff's claim for compensation and medical benefits; that plaintiff was employed by defendant through its agent Merwin & Co., to perform stevedoring services aboard defendant's vessel; that as such employee his exclusive remedy is under the Pentheny Employees Compensation Act and that plaintiff has received compensation and medical benefits under the Act, and that suit has been brought against it by plaintiff in this district. It prays that the court adjudicate that plaintiff was an employee of defendant within the meaning of the compensation laws. Service was had upon plaintiff in this district by order of the Virgin Islands court as an alien resident outside the jurisdiction. Plaintiff herein has not answered or appeared in that action.

The complaint in that suit raises the same issue as the affirmative defense interposed in the suit pending in this district; but two additional parties are named defendants.

It is not disputed that plaintiff has been awarded and accepted compensation and medical benefits under the Virgin Islands compensation statute; in fact the Legislature passed a special act enabling him to receive $12,000 for medical care instead of the $500 maximum payment provided for in the statute.

Plaintiff urges in support of this application for a stay that his condition makes it impossible for him to defend the suit in the Virgin Islands and that a trial in this court of the affirmative defense will adjudicate the issues raised in the Virgin Island's suit.

We assume that plaintiff is at present unable to appear physically in the St. Croix Court, and that he has become a resident of this State and entitled to prosecute this action in this Court.

■ Defendant also has the right to institute a declaratory judgment action in the St. Croix Court. Its privilege to choose a particular, and as here appropriate, forum is absolute and these two suits although involving the same basic issue and some identity of parties may proceed simultaneously without prior judicial control until final adjudication, unless the interests of justice otherwise dictate. Mottolese v. Kaufman, 2 Cir., 176 F.2d 301; Helene Curtis v. Sales Affiliates, 2 Cir., 199 F.2d 732; Kline v. Burke, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226.

■ The fact that multiple suits, especially since the enactment of the Federal Declaratory Judgment Act, 28 U.S. C.A. §§ 2201, 2202, may create problems in courts of coordinated jurisdiction is not sufficient reason for judicial interference or indirect intrusion, unless the pendency of another suit will result in

irreparable harm to one of the parties or prevent the comprehensive disposition of litigation and the conservation of judicial resources. Kerotest Mfg. Co. v. C–O–Two Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200; Tivoli Realty v. Interstate Circuit, 5 Cir., 167 F.2d 155; Remington Products v. American Aerovap, 2 Cir., 192 F.2d 872.

■ One other reason which prompts us to deter from extending our hand to stay the prosecution of the defendant's suit in the Virgin Islands court is the fact that an interpretation of a controlling territorial local statute is sought in a territorial court. While this Court is competent to interpret this statute it is more fitting and more consonant with principles of comity that we leave such determination, when possible, to the local court. More than once we have been reminded by the Supreme Court not to usurp this function—

"Entirely aside from the question of the propriety of an injunction in any court, territorial like state . courts are the natural sources for the interpretation and application . of the acts of their legislatures and equally of the propriety of interference by injunction. We think that where equitable interference with state and territorial acts is sought in federal courts, judicial consideration of acts of importance primarily to the people of a state or territory should, as a matter of discretion, be left by the federal courts to the courts of the legislating authority unless exceptional circumstances command a different course." Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 383–384, 69 S.Ct. 606, 614, 93 L.Ed. 741. See also Speilman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; Porto Rico Tel. Co. v. Puerto Rico Communications Authority, 1 Cir., 189 F.2d 39; Kline v. Burke, supra.

The interpretation of this statute is a matter affecting very materially the welfare of the residents of the Virgin Islands; it seems especially preferable that it be left to the decision of the territorial court.

■ Testing these principles against the facts here present we find first:

Plaintiff's physical incapacity does not preclude him from adequate opportunity to interpose a defense to the suit pending in the St. Croix district court. The narrow issue for determination there rests on an interpretation of the contract of employment under which plaintiff was hired to work as a longshoreman; if unambiguous plaintiff's testimony will not avail him, in any event his testimony can be taken by deposition and defendant has agreed to stipulate that if plaintiff testified his testimony would be to the effect that he was not employed by defendant; in addition defendant has offered to pay all plaintiff's expenses for transportation to and maintenance in the Virgin Islands for the purpose of enabling him to there testify. This is not the type of suit where the personal appearance of a party is of significance to a determination. Plaintiff was represented by counsel in the Virgin Islands as late as June 11, 1957 after he had departed the jurisdiction; there appears to be no reason why he should not be able to retain counsel there. Secondly, the continuance of the Virgin Islands suit— if it should proceed—would not interfere with the prosecution of the suit pending in this court. Cf. In re Chetwood, 165 U.S. 443, 17 S.Ct. 385, 41 L.Ed. 782. In fact, it seems that a great deal of time, expense and effort would be saved by having a final, prior adjudication in the St. Croix district court on the status of defendant vis a vis plaintiff.

The equitable factors in plaintiff's favor are not such "exceptional circumstances" as to override the discipline which must guide one court in its dealings with other courts of equal jurisdiction. Meredith v. City of Winterhaven, 320 U.S. 228, 64 S.Ct. 7, 88 L. Ed. 9; Kerotest v. C–O–Two, supra.

While this Court will not attempt to interfere with the prosecution of de-

fendant's suit in the Virgin Islands, there is nothing to prevent plaintiff from moving that court to withhold its jurisdiction over the declaratory judgment suit. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153; Mottolese and Helene Curtis, cases, supra. That is the appropriate forum for seeking such relief. Walker v. Felmont Oil Co., 6 Cir., 240 F.2d 912.

In view of plaintiff's condition, his continued hospitalization and his need to arrange for counsel to represent him in the Virgin Islands court, defendant is enjoined from entering a default judgment in that court for 45 days from the date of this order so as to enable plaintiff to plead, answer or move in the District Court of the Virgin Islands. So ordered.