**TRUMATIC MACHINE & TOOL CO., Inc., a Corporation of New York, Plaintiff,**

v.

**O. M. SCOTT & SONS COMPANY, a Corporation of Ohio, doing business under the name of American Bulb Company, Defendant.**

United States District Court
S. D. New York.
Feb. 19, 1960.

Ernest G. Montague, New York City, for plaintiff.

Keith, Bolger, Isner & Byrne, New York City, for defendant.

Thomas J. Byrne, Jr., New York City, William A. Strauch (Strauch, Nolan & Neale, Washington, D. C.), of counsel.

DAWSON, District Judge.

This is a motion by defendant (hereinafter called "Scott") to stay this action pending the outcome of an action entitled "The O. M. Scott & Sons Company, Plaintiff, against The J. Chas. McCullough Seed Company, Defendant," now pending in the United States District Court for the Southern District of Ohio, Western Division, Civil Action No. 4325, on the grounds that the said action pending in the United States District Court for the Southern District of Ohio was filed first and that the plaintiff in this action (hereinafter called "Trumatic") has assumed complete control of the defense of said Ohio action and is thus in privity with the defendant in that action, and, as a result, this action is a duplication of suits.

It appears that the present action is one brought by Trumatic for a declaratory judgment, seeking a judgment of non-infringement and invalidity of United States Reissue Letters Patent No. 24,-189, owned by Scott, for a "spreader device for distributing seeds, fertilizer and the like." It appears from the complaint that Scott has notified Trumatic that it is the owner of said patent and that spreader devices manufactured and sold by Trumatic infringed said patent. It also alleges that Scott formally notified certain of Trumatic's distributors of said alleged infringement and threatened infringement actions against them. It is also alleged that on or about June 2, 1958, Scott commenced the aforesaid civil action No. 4325 in the United States District Court for the Southern District of Ohio, Western Division, against the J. Chas. McCullough Seed Company, a distributor of Trumatic. The action pending in this court was instituted on July 2, 1958. The action commenced in Ohio by Scott against a distributor of Trumatic was commenced on June 2, 1958.

Heretofore, and on or about October 6, 1958, Judge Sugarman of this court transferred this action to the Western Division of the Southern District of Ohio. Thereafter, Scott, the plaintiff in the Ohio action, filed a motion to consolidate the McCullough suit with this action, which motion was denied on January 12, 1959 by Judge Druffel of the District Court of Ohio, who returned the action to this court for the reason that the Ohio court had neither jurisdiction nor venue.

Answers to interrogatories, submitted in support of this motion, indicate that Trumatic, the plaintiff in this action, has admitted that it is paying all the defense costs and attorneys' fees in connection with the action brought in Ohio by Scott against the McCullough Seed Company, and that it is directly controlling the defense of said action.

We have, therefore, a situation where Scott, the owner of a patent, the validity of which is questioned, has brought an action against a distributor of Trumatic in Ohio alleging infringement of the patent. Trumatic has assumed responsibility for that suit and is paying the costs of that suit and controlling the defense of the suit. The action involves a sale by the McCullough Seed Company of a device manufactured and sold by

Trumatic. The real parties in interest are obviously Scott and Trumatic. The action in Ohio was started first. A month later Trumatic brought the present action in this court against Scott, seeking a declaratory judgment of non-validity and non-infringement of the Scott patent. Scott now seeks to stay the action in this court, pending determination of the Ohio action.

■■ At the outset it would seem clearly evident that it is a waste of judicial time and an unfair expense burden upon the parties to have two actions pending, one in Ohio and the other in New York, both to decide the same issue relating to the same patent. The Ohio action was started first. A determination in that action will be binding upon Trumatic and upon Scott. Universal Oil Products Co. v. Winkler-Koch Engineering Co., D.C.N.D.Ill.1939, 27 F.Supp. 161; Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, D.C.S.D.N.Y.1950, 91 F.Supp. 106, 108. And, as Judge Kaufman pointed out in the latter case, the law is that a party in the position of Trumatic could intervene in the Ohio action as a matter of equitable right.

There is no reason why this already overburdened court should have to try the same issue between the same parties when a previously instituted action in Ohio will be dispositive of the issues. However, Trumatic urges that there is a possibility of Scott bringing suits against other distributors in other jurisdictions and that it may be faced with the defense of a number of actions, unless the present declaratory judgment suit is allowed to go ahead. This can be well taken care of by making any stay of proceedings in the present action contingent upon the moving party, Scott, not bringing any other actions against distributors of Trumatic so long as the stay is in effect. The action in Ohio is at issue and there is every reason to believe that it can be brought to a prompt trial and thus dispose of the issue completely.

Under the circumstances, and under the cases, it is proper that the motion should be granted and the action pending in this court stayed until determination of the Ohio action.

This Court, therefore, in the exercise of its discretion, and on the ground that all interests would best be served by the prosecution of the action in Ohio, directs that the present action in this court be stayed until determination of the Ohio action. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. In the event that any other infringement actions are brought by Scott against dealers or distributors of Trumatic, application may be made to vacate this stay. So ordered.