**TELEPHONICS CORPORATION AND FABRIONICS CORPORATION,**
Plaintiffs-Appellees,

v.

**LINDLY & COMPANY, Inc.,** Defendant-Appellant.

**No. 390, Docket 26863.**

United States Court of Appeals Second Circuit.

Argued May 25, 1961.

Decided June 19, 1961.

446

Robert E. Burns, New York City (Allan Zelnick, New York City, on the brief), for defendant-appellant.

Walter H. Free, of Brumbaugh, Free, Graves & Donohue, New York City (George W. Whitney and Richard A. Lochner, of Brumbaugh, Free, Graves & Donohue, New York City, on the brief), for plaintiffs-appellees.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

CLARK, Circuit Judge.

The full details of this forum-shopping contest may be found in the opinion of the district court reported in D. C.E.D.N.Y., 192 F.Supp. 407. For purposes of this appeal the following simplified account will suffice. On October 1, 1959, plaintiffs began this action for, *inter alia,* a declaratory judgment that defendant's patent No. 2,878,395 was invalid and, in any case, not infringed by the plaintiffs. On October 6, 1959, plaintiffs amended their complaint to add a request that defendant's newly filed patent No. 2,907,535 be similarly adjudged invalid. Prior to answering in this case, defendant, on May 20, 1960, brought an action in the District Court of the United States for the Middle District of North Carolina against Glen Raven Knitting Mills, Inc., a customer of plaintiffs, alleging infringement of defendant's patent No. 2,907,535 and seeking an injunction prohibiting continued infringement. Glen Raven, which had an indemnity agreement with plaintiffs, then moved in North Carolina to stay the Glen Raven suit pending the outcome of the present action. This motion was denied without prejudice. Plaintiffs thereupon moved in the court below to enjoin further prosecution of the Glen Raven case in North Carolina, to add Glen Raven as a party plaintiff in the present action, and for certain other relief not here relevant. On January 10, 1961, the court granted the motion, and defendant appeals.

■ Upon a consideration of the various relevant factors, New York appears to be the more appropriate forum; and the action of the district court is affirmed. The New York action had been pend-

ing seven months when the action in North Carolina was started. The plaintiffs and the defendant are New York corporations having their respective principal offices in the Eastern District of New York, and the alleged infringement was committed in the making and selling of defendant's product by plaintiffs at their principal office in this district. The action subsequently begun against plaintiffs' customer in North Carolina was simply an attempt to litigate in another forum a dispute that is basically between the plaintiffs and the defendant. Since the order below permitted Glen Raven to intervene as a party plaintiff in the present action, defendant may have any affirmative relief that is justified against Glen Raven by way of counterclaim here. The fact that the North Carolina action was brought against a defendant not originally a party to the New York action is thus no bar to the grant of the injunction appealed from.

■■ The power of the district court to enjoin unnecessary and wasteful duplication of litigation has long been recognized. See Bechik Products v. Flexible Products, 2 Cir., 225 F.2d 603; Helene Curtis Industries v. Sales Affiliates, 2 Cir., 199 F.2d 732; Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012; Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925, certiorari denied Hazeltine Corp. v. Crosley Corp., 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211; National Equipment Rental, Ltd. v. Fowler, 2 Cir., 287 F.2d 43. Compare Joseph Bancroft & Sons Co. v. Spunize Co. of America, 2 Cir., 268 F.2d 522. The previous refusal by the North Carolina district court to stay the action begun there was expressly made without prejudice, and is no bar to the relief subsequently granted in New York, whether under principles of comity or, if applicable, estoppel. See National Equipment Rental, Ltd. v. Fowler, supra, 2 Cir., 287 F.2d 43, 45–46 n. 1.

Nor do we see any obstacle to the relief granted in the recent decision of Hoffman v. Blaski, 363 U.S. 335, 80 S. Ct. 1084, 4 L.Ed.2d 1254. There the Supreme Court held that a patent infringement action could not be transferred under 28 U.S.C. § 1404(a) to a forum where defendant neither resided nor had a place of business nor infringed, since such forum was not one where the action originally "might have been brought" by the plaintiff. Thus this decision, based as it is on the specific and narrow wording of the transfer statute, has no bearing on the propriety of judicial action which does not purport to be based on that statute and which is taken pursuant to other, firmly established authority. See National Equipment Rental, Ltd. v. Fowler, supra, 2 Cir., 287 F.2d 43.

Appellant has moved to expunge parts of appellees' appendix. This motion is denied.

Judgment affirmed.