**Edward C. SMALL et al., Plaintiffs, Appellants,**

v.

**Frank WAGEMAN et al., Defendants, Appellees.**

**No. 5793.**

United States Court of Appeals First Circuit.

June 22, 1961.

George P. Lordan, Cambridge, Mass., for appellants.

Norman H. Stahl, Manchester, N. H., with whom Shane Devine and Devine, Millimet & McDonough, Manchester, N. H., were on brief, for appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The plaintiffs-appellants, a husband and wife who are citizens of Massachusetts, brought suit in the United States District Court for the District of New Hampshire under its diversity jurisdiction against the defendants-appellees, a father and daughter who are citizens of New Hampshire, to recover damages of more than $10,000 for personal injuries suffered on Lake Winnipesaukee, New Hampshire, when a boat in which the plaintiffs-appellants were seated was struck by a boat operated by the defendant-appellee-daughter. The defendants-appellees answered and filed a motion to strike part of the complaint which was subsequently granted. After answer but before any further proceedings the plaintiffs-appellants, effecting service on the defendant-appellee-daughter in Massachusetts, commenced an action against her alone in the United States District Court for the District of Massachusetts to recover damages for the same cause of action set out in the complaint they had previously filed in the District of New Hampshire. Thereupon the defendants-appellees filed a petition in the action pending against them in New Hampshire for an order enjoining the plaintiffs-appellants from prosecuting their action in Massachusetts until final determination of their action in New Hampshire. After hearing the court below granted the injunction asked for, and the plaintiffs-appellants took this appeal.[1]

The cause of action sued upon is certainly transitory. But it does not follow from this that the plaintiffs below have the right to sue the defendants on it either separately or together in every jurisdiction where they may be able to accomplish service of process. Time out of mind courts of equity have had jurisdiction to prevent a multiplicity of actions on the same cause, and it is no longer open to question that a federal district court in the exercise of that jurisdiction may enjoin a party before it from attempting simultaneously to litigate the same matter with the same opponent in another court of co-ordinate jurisdiction in the same judicial system. See Steelman v. All Continent Co., 1937, 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085. It is true that the power of one federal district court to enjoin a party from undertaking to litigate the same question with the same opponent in another federal district court has most often been exercised in patent and copyright litigation. See e. g. Dwinell-Wright Co. v.

1. Since the appeal is from an order of the District Court granting an injunction, this court clearly has appellate jurisdiction under Title 28 U.S.C. § 1292(a) (1).

National Fruit Product Co., 1 Cir., 1942, 129 F.2d 848. But that the power is not limited to litigation only in those fields is made clear in the interesting and scholarly opinion of Judge Maris in Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925.

The question thus comes down to whether the court below abused its equitable discretion in exercising its power as it did in this case. We think the answer is that it did not.

■ As a general proposition, but not as a rigid rule, the federal district court which first obtains jurisdiction of the issues and the parties should proceed to adjudication and to accomplish that end may properly enjoin a party before it from proceeding with subsequent similar litigation in another federal district court. Crosley Corp. v. Hazeltine Corp., supra, 122 F.2d at pages 929–930, and cases cited; cf. Martin v. Graybar Electric Co., 7 Cir., 1959, 266 F.2d 202, 204. But problems of multiple litigation in the federal judicial system are not to be solved by rote.

> "Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature. Necessarily, an ample degree of discretion, appropriate for disciplined ·and experienced judges, must be left to the lower courts." Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 183, 184, 72 S.Ct. 219, 221, 96 L.Ed. 200.

■ We are not aware of any equitable considerations which militate against issuance of the injunction in the case at bar. On the contrary, the principle that the action first brought should proceed to adjudication while the subsequent action is held in abeyance is supported by the fact that the entire controversy can be adjudicated in the prior New Hampshire action whereas the subsequent action in Massachusetts against the daughter alone may or may not adjudicate the entire controversy depending upon the outcome of litigation in that district and the theory, which is not apparent from the pleadings, on which the father was joined with his daughter as a defendant in the New Hampshire action. That is to say, if the theory on which the father was joined as a defendant with his daughter in the New Hampshire action is that they were in privity, the entire litigation would be terminated in the Massachusetts action should the daughter in that action be found free of negligence or the plaintiffs guilty of contributory negligence. But if the theory of joinder is that not only was the daughter negligent but also that the father was independently negligent in some way, as perhaps by turning his boat over to his daughter to operate knowing that its steering gear was dangerously defective, the Massachusetts action could not terminate the litigation as to him. Obviously efficient judicial administration requires that the action which will be sure to terminate the entire controversy should proceed to litigation while the other action in which the entire litigation might not be terminated remains in abeyance.

The case of Kline v. Burke Construction Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, on which the appellants rely is not in point for in that case the court was concerned with the power of a federal district court to enjoin a party before it from litigating the same issue simultaneously in a state court, a situation which poses quite different problems. See Judge Maris's discussion in Crosley Corp. v. Hazeltine Corp., supra, 122 F.2d 929.

Judgment will be entered affirming the order of the District Court.