**THERMAL DYNAMICS CORPORATION,**
a corporation of New Hampshire,
Plaintiff,

v.

**UNION CARBIDE CORPORATION, a**
corporation of New York,
Defendant.

United States District Court
S. D. New York.
Feb. 7, 1963.

Burgess, Dinklage & Sprung, New York City, for plaintiff.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for defendant; Francis S. Bensel, Robert Ehrenbard, Bud G. Holman, New York City, of counsel.

LEVET, District Judge.

Defendant moves to enjoin prosecution of what it alleges to be duplicative litigation brought by the plaintiff against it in the United States District Court for the District of New Hampshire.

The parties are competitors in the manufacture and sale of certain metal cutting and processing equipment, known in the trade as plasma arc torches. It is about this equipment and related patents and sales practices that this controversy centers.

On February 16, 1961, the plaintiff filed an action in this court seeking a declaratory judgment of invalidity and noninfringement of Patent No. 2 806 124 owned by the defendant. Among the grounds alleged for the invalidity and unenforce-

ability of the patent is its misuse, as follows:

"X. That the defendant has illegally, in restraint of trade and in violation of the Anti-Trust Laws, used the above mentioned patent alone and in combination with other patents owned by it, in an attempt to control the sale of non-patented commodities marketed by it, to the damage of the plaintiff and others, and that defendant has illegally attempted to extend the monopoly granted under this patent in its licensing arrangements."

The answer denies the material allegations of the complaint and counterclaims for infringement of patents Nos. 2 806 124 and 2 858 411 and alleges the plaintiff's use of defendant's confidential information through one of defendant's former employees, now an officer of the plaintiff. The reply denies the material allegations of the counterclaim and seeks a declaration of invalidity and noninfringement of Patent No. 2 858 411. The plaintiff is presently under court order to place the case on the trial calendar by February 26, 1963 or suffer its dismissal for lack of prosecution.

On January 8, 1963, almost two years after the commencement of the New York action, the plaintiff filed a complaint against the defendant in the United States District Court for the District of New Hampshire. The complaint sounds only in anti-trust, alleging that the defendant is monopolizing and restraining trade in the plasma arc industry, in the manufacture and sale of plasma equipment for the cutting of metal, and in the manufacture and sale of industrial gases, all in violation of the anti-trust laws. Among the predatory acts alleged are the discriminatory treatment of customers about to give their business to the plaintiff; certain trade and credit disparagement of the plaintiff by the defendant; and attempts by the defendant to illegally divide the market of plasma arc torches between it and plaintiff. No other action was taken in the case by either party and no request was made

of the New Hampshire court to stay the proceedings there. The defendant presently asks this court to enjoin the prosecution of the New Hampshire action.

■ It is well established that in cases of concurrent jurisdiction, a district court may enjoin parties before it from subsequently litigating the same controversy in another forum. Telephonics Corp. v. Lindly & Co., 291 F.2d 445 (2 Cir.1961; National Equip. Rental, Ltd. v. Fowler, 287 F.2d 43 (2 Cir.1961). However, "[t]he duty to enjoin the prosecution of a proceeding later instituted in another federal district arises 'only if the controversy in each court involves the same issues and the same parties.'" Cresta Blanca Wine Co. v. Eastern Wine Corp., 143 F.2d 1012, 1014 (2 Cir.1944). See also Triangle Conduit & Cable Co. v. National Elec. Prod. Corp., 138 F.2d 46 (3 Cir.1943). The question here is whether the issues involved in the two actions are such as to warrant enjoining the prosecution of the later-commenced action.

At the outset it seems clear that the mere presence of the patent misuse defense does not pre-empt the anti-trust issues in New Hampshire. Assuming that the New Hampshire action precedes to judgment first, adverse to the plaintiff, its only effect on the New York action would be to eliminate one of the grounds for the invalidity or unenforceability of the patent. The other grounds alleged for the invalidity of the patents, such as prior publication, lack of invention, failure to adequately describe and claim the invention and file wrapper estoppel would remain to be tried. Conversely, if the New York action precedes to a judgment first, adverse to the plaintiff, only the alleged violations of the anti-trust laws concerned with the misuse of the patent would be barred from consideration in the New Hampshire action. There would remain for decision the other predatory acts alleged, such as the attempted division of the market by the defendant, the selective treatment of customers about to give their business to the plaintiff; the

trade, business and credit disparagement of the plaintiff.

However, the major thrust of the defendant's contention is that the anti-trust charges in the New Hampshire complaint cannot be tried without first adjudicating the validity and infringement of its patents. It asserts that any success which the plaintiff hopes to have in New Hampshire depends entirely upon his standing as a competitor; and if the defendant's patents, which are the subject of the New York action, are valid and infringed, the plaintiff lacks any standing to compete. Accordingly, it argues, a decision in the New York action would be substantially dispositive of the New Hampshire action.

▌ The first difficulty with the defendant's contention is a factual one. In order to grant the stay the defendant seeks, it is necessary for this court to conclude that the equipment which the defendant alleges infringes its patent is the same as that about which the New Hampshire action centers. Without this, a decision here would not be potentially dispositive of the New Hampshire action. There is insufficient evidence from which to draw this necessary conclusion. The defendant has offered the court no evidence of what the plaintiff's equipment is, no copies of the patents involved in this action, no affidavit evidence that of necessity the equipment is the same. On this record, it is distinctly possible that several of the predatory acts alleged in New Hampshire center about equipment of the plaintiff which is not involved in this action.

The second difficulty is that the New York action is only potentially dispositive of that in New Hampshire. If the defendant is successful in New York, the plaintiff will be enjoined from manufacturing the infringing equipment. And if that equipment is the same as that involved in the New Hampshire action, prospectively there would be no need for the injunctive relief sought there since the plaintiff would no longer be permitted to compete. Should, however, the plaintiff be successful here, the injunctive relief granted would have no effect on the alleged predatory acts of the defendants which are the basis of the New Hampshire action. In that event, the New Hampshire action would remain to be tried in its entirety. At best, the New York action is only potentially dispositive of the New Hampshire action.

This is apparently a case of first impression. In each of the instances in which courts have enjoined litigation begun in another forum of concurrent jurisdiction, the issues raised in both forums were such that, once decided, reconsideration of those issues would be barred in the other forum. That is lacking here. The majority of cases in which litigation in another court of concurrent jurisdiction has been enjoined have involved situations where the same patent has been before several courts. See, e. g., Kerotest Manuf. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Telephonics Corp. v. Lindly & Co., 291 F.2d 445 (2 Cir.1961); Remington Prod. Corp. v. American Aerovap, Inc., 192 F.2d 872 (2 Cir.1951); Triangle Conduit & Cable Co. v. National Elec. Prod. Co., 3 Cir., 125 F.2d 1008, cert. denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750 (1942); Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925, cert. denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942). In those instances, the validity and infringement of the same patent were involved in both suits. Clearly, a decision on the validity or infringement of the patent in one would determine that issue in the other.

In the cases which have not involved patents, the causes of action have been the same in both suits. See, e. g., Small v. Wageman, 291 F.2d 734 (1 Cir.1961); National Equip. Rental, Ltd. v. Fowler, 287 F.2d 43 (2 Cir.1961); Martin v. Graybar Elec. Co., 266 F.2d 202 (7 Cir. 1959). Thus, in Fowler, since the only difference between the New York and Alabama actions was the claim in Alabama of fraud in the inducement of the lease, which was pleadable as a compul-

776

sory counterclaim in the New York action, the court enjoined the Alabama action since "a final adjudication upon the New York action would leave nothing for determination in Alabama." 287 F.2d at 46. Similarly, in Small, the same boating accident occasioned two suits, one of which would be dispositive of the other.

Perhaps the case closest factually is Boots Aircraft Nut Corp. v. Kaynar Manuf. Co., 188 F.Supp. 126 (E.D.N.Y. 1960). There, a patent owned by the New York defendant was involved in actions in New York and California. The New York action also contained claims for unfair competition and anti-trust violation. The court held that since the New York action would be dispositive of all the issues between the parties, the California action, which involved only the validity and infringement of the patent would be stayed.

█ It is true that all of the issues need not be the same in both actions. Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 181 F.Supp. 208, 215 (S.D.N.Y. 1960). What is required, however, is that one of the suits be entirely or substantially dispositive of the other. National Equip. Rental, Ltd. v. Fowler, supra; Ostow & Jacobs, Inc., supra, 181 F.Supp. at 213. It is the issues which must have such an identity that a determination in one action leaves little or nothing to be determined in the other. See Small v. Wageman, 291 F.2d 734, 736 (1 Cir.1961); National Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 46 (2 Cir. 1961). It is that identity which is lacking here.

█ The enjoining of prosecution in another court of concurrent jurisdiction is necessarily committed to the wise discretion of the court. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Martin v. Graybar Elec. Co., 266 F.2d 202 (7 Cir.1959). "Generally, the court will exercise its discretion in favor of granting such relief where it appears that all of the issues are or can be joined in a single litigation * * *."

Tubular Textile Mach. Corp. v. Redman, 173 F.Supp. 269 (S.D.N.Y.1959), aff'd per curiam, 2 Cir., 267 F.2d 784.

As the court stated in Tyrill v. Alcoa S. S. Co., 172 F.Supp. 363 (S.D.N.Y. 1958), aff'd per curiam, 2 Cir., 266 F.2d 27:

> "The fact that multiple suits, especially since the enactment of the Federal Declaratory Judgment Act, * * * may create problems in courts of coordinated jurisdiction is not sufficient reason for judicial interference or indirect intrusion, unless the pendency of another suit will result in irreparable harm to one of the parties or prevent the comprehensive disposition of litigation and the conservation of judicial resources."

Here the issues are not of such a nature as to warrant the enjoining of the New Hampshire action. Accordingly, the motion is denied.

Settle order on notice.