PIEDMONT SHIRT COMPANY
v.
SNAP–TAB CORPORATION.

United States District Court
S. D. New York.
Nov. 27, 1964.

Amster & Rothstein, New York City, for plaintiff.

Ostrow, Goldman, Sklaire & Sacks, New York City, for defendant.

RYAN, Chief Judge.

This suit, filed in this Court on August 26, 1964, involves the alleged infringement and the validity of U.S. Patent #2,905,945, and of trademark registra-

tion #709,660, consisting of the term "Snap-Tab."

On December 18, 1962, Mabs, Inc., a California corporation, filed a suit for infringement of the same patent and trademark involved in the instant suit, and for unfair competition, relating to the alleged infringement, in the District Court for the Western District of South Carolina against the Piedmont Shirt Company, a South Carolina corporation. Piedmont counterclaimed in that suit on January 30, 1963 alleging invalidity of the patent and trademark; and after extensive pretrial preparation, the Clerk of the Court served notice on the parties on August 10, 1964 that the trial would commence on September 15, 1964. After Piedmont commenced this instant declaratory judgment suit in the Southern District of New York against Snap-Tab Corporation, a New York corporation, Piedmont filed a motion for summary judgment in the South Carolina action on the ground that Snap-Tab Corporation was "the real party in interest." In the same suit, Mabs moved on September 4, 1964 under F.R.Civ.P. 21 to join Snap-Tab Corporation as a party plaintiff. Both motions were heard on September 8, 1964; Piedmont's motion for summary judgment was denied, and Mabs' motion was granted. The Court also joined Leslie-Riverview Realty Corporation as a third party plaintiff. These orders were certified for intermediate appeal under Section 1292(b), Title 28 U.S.C., and trial was postponed.

In the instant New York suit, on September 16, 1964 Snap-Tab moved to dismiss or to stay the further proceedings until the final determination of the South Carolina litigation. This was followed by motions by Piedmont to stay the South Carolina suit and to appoint a Rule 2(b) Judge to hear this action together with certain other actions which were then pending in this District (September 23, 1964). These motions are now before us for determination.

Piedmont's motions to have a Rule 2(b) Judge appointed and to stay the

South Carolina suit are denied. Snap-Tab's motion to dismiss the litigation in this District is denied but Piedmont shall be stayed from further proceedings herein. However, if the trial in the South Carolina action is not had before March 1, 1965, application to vacate the stay may be made.

When Piedmont moved for a Rule 2(b) Judge, there were seven suits pending in this District, which involved the patent and trademark in suit. At the present time, the only suit which has not been dismissed is the instant suit of Piedmont for a declaratory judgment. A Rule 2(b) Judge is not needed for this single suit.

■ Where two suits involving the same parties and the same issues are filed in different forums at the same time, there is authority that the first filed should be given priority. Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012, and cases cited therein at 1014.

The South Carolina suit was filed one year and eight months before the New York suit. Snap-Tab Corporation, however, was not made a party to the South Carolina suit until after the New York suit was commenced. There is authority that, therefore, as to the Snap-Tab Corporation, the New York suit would be considered to be prior to that in South Carolina. Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, D.C., 91 F.Supp. 106 (1950); Cresta Blanca Wine Co. v. Eastern Wine Corporation, supra.

The more recent decisions, however, seem to have discarded the notion of priority as the sole criterion for determining which of two concurrent suits involving the same parties and the same issues shall be allowed to proceed. Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, supra; Kerotest Mfg. Co. v. C–O Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1951); Delamere Company v. Taylor-Bell Co., 199 F.Supp. 55 (1961) S.D.N.Y.; and Telephonics Corp. and Fabrionics Corp.

v. Lindly & Co., 291 F.2d 445 (1961) 2d Cir.

In Telephonics, supra, plaintiff manufacturer filed suit in the Eastern District of New York for a declaratory judgment that defendant's patent was invalid and not infringed by plaintiff. Seven months later, the defendant patentee brought an action in a North Carolina District Court against the Glen Raven Company, a customer of the New York plaintiff, alleging infringement of the same patent in suit in New York. Glen Raven was joined as a party plaintiff in New York and the plaintiffs moved to enjoin the continuance of the North Carolina suit. This, therefore, represented a situation analogous to the Piedmont-Snap-Tab situation. As to Glen Raven, the North Carolina suit was prior to its joinder in New York. The Second Circuit, however, affirmed a District Court decision, which had enjoined the continuance of the North Carolina suit:

"Since the order below permitted Glen Raven to intervene as a party plaintiff in the present action, defendant may have any affirmative relief that is justified against Glen Raven by way of counterclaim here. The fact that the North Carolina action was brought against a defendant not originally a party to the New York action is thus no bar to the grant of the injunction appealed from." Telephonics v. Lindly, supra, at p. 447.

This result was reached even though the North Carolina District Court had previously refused to stay the action pending before them.

The Kerotest suit appears in point. There, patentee corporation, incorporated in Delaware, sued a customer of Kerotest in an Illinois District Court for patent infringement. Subsequently, Kerotest, a manufacturer, filed suit in Delaware against the Illinois plaintiff to declare that the patents sued on in Illinois were invalid and that the devices that it supplied to its customer in Illinois did not infringe the patent. The Illinois

court allowed Kerotest to be joined as a party defendant. The Supreme Court affirmed a decision, which enjoined Kerotest from proceeding in Delaware even though it had started that action before being joined in Illinois.

 It is clear from a reading of Kerotest that this Court has wide discretion in determining which of the pending suits should be allowed to proceed. We feel that the suit in South Carolina is the better vehicle for the prompt adjudication of the controversy between the parties. Both suits involve the same patent and trademark and Snap-Tab and Piedmont are present in both Districts. Two of the parties plaintiff in South Carolina, however, are not present in the litigation before this Court. In order to determine the validity of the patent, the Court will have to decide whether Snap-Tab or Mabs is the owner. It is possible that such an adjudication without Mabs being present would not bind Mabs in a subsequent suit. In addition, the South Carolina action will probably be tried in January, 1965. There has been extensive pretrial preparation and the case was ready to go to trial on September 15, 1964. It was only due to Piedmont's motion for summary judgment and the certification for an intermediate appeal, with which Piedmont never proceeded, that the suit has not been tried before this time. Piedmont filed suit in this District because it claimed that it could not receive adequate relief in South Carolina. Snap-Tab has now been made a party in South Carolina. Piedmont's counterclaim of invalidity involves basically the same issues present in the New York suit. We find that Piedmont will get adequate relief in South Carolina.

Piedmont also claims that a series of suits filed in this District by Snap-Tab and Mabs against various manufacturers, which were dismissed due to lack of prosecution, represents a history of harassment. If this is true, Piedmont should be content that the validity of the patent and trademark will be adjudicated, with all parties present, in the near future. Indeed, it seems that but for Piedmont's motion in South Carolina and the time given it to appeal, the suit would have already been tried. Nevertheless, due to the history of litigation concerning the patent and trademark in question and to the importance of an earlier end to uncertainty, the Court has decided to allow Piedmont to proceed in this District if a trial is not held in South Carolina before March 1, 1965 and, accordingly, this suit is stayed until that date; granting plaintiff opportunity to apply for relief after that date.

So ordered.