**GENERAL ELECTRIC COMPANY,**
**Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPO-**
**RATION, Defendant.**

**Civ. A. No. 68–1198.**

United States District Court
D. Massachusetts.

March 11, 1969.

George T. Finnegan, Ropes & Gray, Boston, Mass., Vale Myles, Pittsfield, Mass., General Elec. Co., Arthur G. Connolly, Arthur G. Connolly, Jr., Connolly, Bove & Lodge, Wilmington, Del., for plaintiff.

Herbert P. Kenway, Kenway, Jenney & Hildreth, Boston, Mass., Ralph H. Swingle, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

FRANK J. MURRAY, District Judge.

This is an action seeking a declaration that two patents held by defendant Westinghouse Electric Corporation (West) are invalid and that plaintiff General Electric Company's (GE's) products do not infringe any valid claim based on these patents. The action came on to be heard on GE's motion to enjoin West from proceeding in a civil action brought by it in the Southern District of Indiana in which West claimed that GE infringed the West patents involved here. Also heard was West's motion to transfer this case to the Southern District of Indiana under 28 U.S.C. § 1404(a). The motions were thoroughly briefed and argued by both parties.

Resolution of the questions posed by these motions requires a brief review of the litigation between the parties in the federal courts with respect to these patents. On August 22, 1968 an action was brought by GE against West in the District of Delaware. The com-

plaint in that action is almost identical with the complaint here. On December 27, 1968, a Friday, the federal district court in Delaware handed down an opinion holding that, on motion of West under 28 U.S.C. § 1404(a), the action should be transferred to the Southern District of Indiana. 294 F.Supp. 36. On December 30, 1968, a Monday, GE filed in the Delaware district court a notice dismissing the action without prejudice and, on the same day, filed the instant action. On December 31, 1968, West filed the patent infringement action which GE seeks to enjoin.

■ GE takes the position that, since the action here was brought before the Indiana litigation, it is entitled to the preference usually accorded plaintiff's choice of forum. That preference, as decisions under 28 U.S.C. § 1404(a) have held, requires a court not to transfer an action unless there is a clear showing of both the convenience of the transferee forum to the defendant and the absence, on balance, of countervailing circumstances establishing a significant connection between plaintiff and the forum it selected. GE argues that at best the Southern District of Indiana is no more convenient for West than is the District of Massachusetts for GE, and thus the action should proceed here.

■ In support of its motion to enjoin West from proceeding in the Southern District of Indiana, GE argues that the court in which an action is first filed should enjoin proceedings in a subsequently filed action concerning the same subject matter.[1] That is not, however, an immutable principle. See, e. g., Small v. Wageman, 291 F.2d 734, 736 (1st Cir. 1961); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y.1967). Since the court is not bound to enjoin a subsequently filed action, it is free to take up the question whether this action should be transferred.

■■ West argues that its motion to transfer should be granted because the opinion filed in the District of Delaware establishes, as the law of the case between these parties, that this controversy should be aired in the Southern District of Indiana. The law of the case doctrine is "a cautionary admonition to be applied when the occasion demands it". Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131, 134 (2d Cir.), petition for cert. dismissed per stipulation, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956). It is not "an inflexible rule of law". *Id.* The rationale for the doctrine is not one judge's regard for the feelings of another; rather, it is an attempt to prevent "delay, harassment, inconsistency, and in some instances judge-shopping". Note, Replacing Finders of Fact—Judge, Juror, Administrative Hearing Officer, 68 Colum.L.Rev. 1317, 1376 (1968). The law of the case doctrine can only apply, however, when the question presented to the second judge is substantially the same as the question presented to the first judge. *Id.* at 1381.

GE argues that the questions are not identical because the question presented here concerns a balancing of convenience between Boston and Indianapolis as a location for trial, whereas the question presented in Delaware concerned only a choice between Wilmington and Indianapolis. Strictly speaking, that is probably correct, despite West's suggestion that the District of Delaware could have transferred the case to the District of Massachusetts, sua sponte (*see* Kearney & Trecker Corp. v. Cincinnati Milling Machine Co., 254 F.Supp. 130 (N.D.Ill. 1966); General Felt Products Co. v. Allen Industries, Inc., 120 F.Supp. 491, 493 (D.Del.1954) (dictum)).

■■■ But while the doctrine of law of the case, as traditionally conceived, may not literally apply here, its rationale, taken together with other factors,

1. GE also urges that West's claims in Indiana are properly asserted only as compulsory counterclaims here under Federal Rule of Civil Procedure 13(a).

But that argument, if it has any force, is only relevant if this court refuses to grant West's motion to transfer.

may properly be weighed in determining whether the action should be transferred. The opinion issued by the Delaware district court clearly established that Indianapolis was a convenient place for trial within the meaning of 28 U.S.C. § 1404(a) as far as West was concerned. There has been no showing here that Indianapolis has become less convenient for West since the date of that opinion. And GE does not contend that Boston would provide a convenient forum for West. On the other hand, GE's showing here at best demonstrates that Boston is as convenient for it as Indianapolis is for West. It may be, all relevant matters considered, that the District of Massachusetts is more convenient for GE than the District of Delaware, and that if GE brought suit here originally a motion to transfer to the Southern District of Indiana would be denied. But GE selected this district after failing to hold its case in the District of Delaware, the district it first chose because, according to counsel's statement at oral argument, Wilmington was centrally located and the docket less crowded. GE has not shown that it could not bring its action here when it brought suit in Delaware. GE's reasons for these excursions, and their timing, do not compel a preference favoring its second forum choice. It is not "in the interest of justice" (28 U.S.C. § 1404(a)) to permit a party, simply by filing a complaint one day before its adversary under the circumstances present here, to gain the respect and preference for its second choice of forum that is usually accorded its first choice. Nor would according a preference to plaintiff's second choice further the fundamental objective of all proceedings in district courts "to secure the just, speedy, and inexpensive determination of every action". Federal Rule of Civil Procedure 1. It would be inconsistent with the sound, expeditious administration of a fair judicial system to permit repetitious litigation over a trial site in the absence of meaningfully changed circumstances.

In view of the history of this controversy, and particularly the course of events leading to the opinion filed by the Delaware district court, the preference needed to tip the present balance of convenience must attach to West's choice of forum. Accordingly, this case, "in the interest of justice" (28 U.S.C. § 1404(a)), is ordered transferred to the Southern District of Indiana. Taking into account the "equitable considerations" (Small v. Wageman, *supra* at 736) favoring transfer to Indiana, this court refuses to enjoin the Indiana proceedings.

It is ordered that West's motion for transfer be and the same is granted; and that GE's motion to enjoin West from proceeding in the action brought by it in the Southern District of Indiana be and the same is denied.